Citation Nr: 1542435 
Decision Date: 09/30/15 Archive Date: 10/05/15

DOCKET NO. 10-28 279 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUES

1. Evaluation of right knee instability and laxity with residuals of medial meniscectomy, currently rated as 10 percent disabling.

2. Evaluation of right knee post-traumatic arthritis associated with right knee instability and laxity with residuals of medial meniscectomy, rated as 10 percent disabling.

3. Entitlement to service connection for tinnitus. 

4. Entitlement to service connection for bilateral hearing loss. 


REPRESENTATION

Veteran represented by: Texas Veterans Commission



ATTORNEY FOR THE BOARD

C. L. Krasinski, Counsel


INTRODUCTION

The Veteran served on active duty from May 1972 to May 1976.

These matters are before the Board of Veterans' Appeals (Board) on appeal from rating decisions dated in October 2008, May 2009, and April 2015 by the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas.

The issues of entitlement to an increased rating for right knee instability and arthritis and service connection for a lumbar spine disability and a psychiatric disorder were remanded in November 2014 for additional development. 

A July 2015 rating decision granted service connection for lumbar strain and unspecified depressive disorder. This action constitutes a full grant of the benefits sought, and these claims are no longer open for appellate review. See Grantham v. Brown, 114 F.3d 1156 (Fed. Cir. 1997).

An April 2015 rating decision denied entitlement to service connection for tinnitus and hearing loss. In June 2015, the Veteran expressed disagreement with this decision and the denial of these two claims. The requisite statement of the case has not been issued in response. Under these circumstances, a Statement of the Case should be issued. The Board is required to remand, rather than refer, this issue. See Manlincon v. West, 12 Vet. App. 238 (1999).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.



REMAND

In an August 22, 2015 statement in response to the July 2015 supplemental statement of the case and prior to the transfer of the appeal to the Board, the Veteran requested a Decision Review Officer (DRO) hearing before VA at the RO in Houston, Texas. To ensure full compliance with due process requirements, a remand is required. 38 C.F.R. §§ 19.25, 20.1304 (2015). 

As noted above, an April 2015 rating decision denied entitlement to service connection for tinnitus and hearing loss. In June 2015, the Veteran expressed disagreement with this decision and the denial of these two claims. When a Veteran has filed a notice of disagreement and there is no statement of the case on file for that issue, the Board must remand, not refer, the issue to the RO for issuance of a statement of the case. Manlincon v. West, 12 Vet. App. 238 (1999).

Accordingly, the case is REMANDED for the following action:

1. Schedule the Veteran for a DRO hearing.

2. Issue a Statement of the Case for the issues of entitlement to service connection for hearing loss and tinnitus. Only if the Veteran perfects an appeal should the claims be certified to the Board.
 
3. Readjudicate the claim for a higher rating for right knee instability and arthritis in light of all the evidence of record. If the benefit sought is not granted, the Veteran and his representative should be furnished a Supplemental Statement of the Case, and be afforded a reasonable opportunity to respond before the record is returned to the Board for further review.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
MATTHEW W. BLACKWELDER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).