Citation Nr: 1542452 
Decision Date: 09/30/15 Archive Date: 10/05/15

DOCKET NO. 05-24 466A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Montgomery, Alabama


THE ISSUE

Entitlement to service connection for a left ankle disorder, to include as secondary to service connected degenerative joint disease of the right ankle and residuals of a stress fracture of the second metatarsal of the right foot.


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

A. Rocktashel, Associate Counsel



INTRODUCTION

The Veteran had active service from November 1989 to November 1992.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a September 2004 decision by the Department of Veterans Affairs (VA), Regional Office (RO), in Columbia, South Carolina.

In November 2005, the Veteran testified at a hearing held before a Decision Review Officer. A transcript of the hearing is associated with the claims file.

This matter was previously before the Board in November 2009 and January 2011 at which time it was remanded for additional development. In an August 2012 decision, the Board denied the claim. The Veteran entered a timely appeal to the United States Court of Appeals for Veterans Claims (Court). By Order dated in June 2013, pursuant to a joint motion, the Court remanded the decision to the Board for readjudication. The joint motion noted that the Board failed to provide adequate reasons or bases regarding its finding that the Veteran's statements were less probative than other evidence of record, and also apparently less credible. On remand, the Board was also to consider the need for another examination regarding the disabilities at issue.

In January 2014 and September 2014, the issue was remanded for additional development. The requested development was completed, and the case has now been returned to the Board for further appellate action. 

In a January 2015 rating decision, the RO granted service connection for a low back disability. Therefore, such claim has been resolved and is no longer on appeal before the Board. See Grantham v. Brown, 114 F.3d 1156 (Fed. Cir. 1997) (holding that where an appealed claim for service connection is granted during the pendency of the appeal, a second Notice of Disagreement (NOD) must thereafter be timely filed to initiate appellate review of the claim concerning "downstream" issues, such as the compensation level assigned for the disability and the effective date).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

A remand is necessary because the RO did not comply with the directives issued by the Board in the September 2014 remand. The Board is obligated by law to ensure that the RO complies with its directives; where the remand orders of the Board are not substantially complied with, the Board errs as a matter of law when it fails to ensure such compliance. Stegall v. West, 11 Vet. App. 268 (1998). 

In the September 2014 remand, the Board directed that the Veteran be afforded a VA examination by a physician because a March 2014 examination report did not address any of the Veteran's lay assertions of symptoms and continuity of symptomatology since service. An example of such assertions is the Veteran's testimony at the November 2005 Regional Office hearing that his left ankle problems began in service and that he continued to have problems with his left ankle after service. The September Board 2014 remand directives specifically stated that:

The examination report must reflect the examiner's consideration and analysis of both the medical and lay evidence of record, to specifically include the (a) Veteran's account of in-service and continuous post-service symptomatology; (b) an August 2004 private examination report; (c) May 2003 and April 2003 private treatment ankle treatment records; and (d) the relevant VA examination reports of record.

In November 2014, a VA examination by a physician was performed and medical opinions on direct and secondary service connection were obtained. However, with respect to the issue of direct service connection of the left ankle, the examiner stated only "there is not[sic] indication or history of left ankle injury during military service and therefore it is less likely than not that this is due to his military service directly." Such an opinion fails to reflect consideration of the Veteran's lay statements, generally, and it fails to reflect consideration of items (a) through (d) referenced above. See September 2014 Board remand. Therefore, an addendum opinion that complies with the September 2014 Board remand is warranted.

Accordingly, the case is REMANDED for the following action:

1. The agency of original jurisdiction shall refer the claim to the examiner who conducted the November 2014 VA examination, if available, to provide the following opinion: 

Whether the Veteran's left ankle disability is at least as likely as not due to his active service. The opinion must reflect the examiner's consideration and analysis of both the medical and lay evidence of record, to specifically include:

(a) Veteran's account of in-service and continuous post-service symptomatology; 
(b) an August 2004 private examination report; 
(c) May 2003 and April 2003 private treatment ankle treatment records; and 
(d) the relevant VA examination reports of record.

A complete rationale for all opinions expressed should be provided, and the claims file should be reviewed. If the examiner determines that an examination of the Veteran is necessary to provide the requested opinion, then such examination should be scheduled. If the previous examiner is no longer available, then the requested opinion should be rendered by another qualified physician.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
H. N. SCHWARTZ
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).