http://www.va.gov/vetapp16/Files3/1626399.txt

Citation Nr: 1626399 
Decision Date: 06/30/16 Archive Date: 07/11/16

DOCKET NO. 11-08 279 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Lincoln, Nebraska

THE ISSUES

1. Entitlement to service connection for a cervical spine disability.

2. Entitlement to service connection for a right knee disability, to include on a secondary basis.

3. Entitlement to service connection for a left knee disability, to include on a secondary basis.

REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States

WITNESS AT HEARINGS ON APPEAL

Appellant

ATTORNEY FOR THE BOARD

K. R. Fletcher

INTRODUCTION

The Veteran served on active duty from May 1965 to May 1968, with additional service in the Navy Reserve. 

These matter are before the Board of Veterans' Appeals (Board) on appeal of February 2012 and April 2015 rating decisions by the Department of Veterans Affairs (VA) Regional Office (RO) in Lincoln, Nebraska. 

The February 2012 rating decision, in pertinent part, denied service connection for a cervical spine disability. In March 2013, the Veteran presented testimony at a personal hearing conducted at the Lincoln RO before a Decision Review Officer (DRO). The Veteran also testified at a travel Board hearing conducted by the undersigned Acting Veterans Law Judge in March 2014. Transcripts of these hearings have been associated with the claims file. This issue was before the Board in March 2015 when it was remanded for additional development. The Board finds that there has been substantial compliance with its remand directives for this issue. See D'Aries v. Peake, 22 Vet. App. 97, 105 (2008).

The April 2015 rating decision denied service connection for right and left knee disabilities.

In a June 2016 rating action, entitlement to a total rating based on individual employability due to service-connected disabilities (TDIU) was granted. Therefore, this claim is not before the Board for appellate consideration. Grantham v. Brown, 114 F.3d 1156 (Fed. Cir. 1997).

This appeal was processed using the Virtual VA (VVA) and Veterans Benefits Management System (VBMS) electronic claims processing systems.

FINDINGS OF FACT

1. Resolving all doubt in his favor, the Veteran's claimed cervical spine disability is related to his military service.

2. Resolving all doubt in his favor, the Veteran's claimed right knee disability and left knee disability are related to his service-connected back disability.

CONCLUSIONS OF LAW

1. The criteria for service connection for a cervical spine disability have been met. 38 U.S.C.A. §§ 1110, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.307, 3.309 (2015).

2. The criteria for service connection for a right knee disability have been met. 38 U.S.C.A. §§ 1110, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.310 (2015).

3. The criteria for service connection for a left knee disability have been met. 38 U.S.C.A. §§ 1110, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.310 (2015).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran's cervical spine, right knee and left knee claims are being granted in full by this decision. Any error related to VA's duties to notify and assist with regard to this issue is rendered moot by this fully favorable decision. See 38 U.S.C. §§ 5103, 5103A; 38 C.F.R. § 3.159.

Although all the evidence has been reviewed, only the most relevant and salient evidence is discussed below. See Gonzales v. West, 218 F.3d 1378 (Fed. Cir. 2000) (holding that the Board must review the entire record but does not have to discuss each piece of evidence).

STRs, including an April 1968 separation examination report, are negative for complaints or findings of cervical spine, right knee, and left knee disabilities.

Following service, a February 1997 VA examination report notes complaints of back pain; the Veteran did not complain of any neck problems at that time. In February 1997 the Veteran complained of pain "mid thoracic" down. In February 1999 the Veteran was seen for "chronic thoracic & L.S. spine pain (intermittent since 1965). The examiner noted that the Veteran reported a history of "chronic upper & lower back pain since 1968 -late 1965 while in the military I was treated for low back pain (I woke up with back pain) - went to sick bay - treatment with heat & massage & then released by to work. I had rx's for my back off & on until discharge. Changed to clerical work. My upper spine is o.k. now - it's my lower back that's the problem....Been treated for back pain - private sector in 1968. Constant pain now x 1-3 years....No current problems with neck pain-having problem with pn - top of rt shoulder -does not go down arm...."

The Veteran was seen in April 1997 for complaints of shoulder pain. X-ray studies note findings of degenerative disc changes at all levels of the cervical spine, with the greatest changes at C6-7. 

Private treatment records dated in 2008 note the Veteran's complaints of right and left knee pain and popping. MRI studies of the left knee obtained in June 2008 noted degenerative arthritis, partial tear PCL and tear of the posterior horn medical meniscus. 

During a March 2013 DRO hearing, the Veteran reported that while he was in the Navy, he was required to lift heavy batteries and that this placed a strain on his upper back. See VBMS.

In April 2014 the Veteran submitted an undated statement from Dr. JB, who opined:

Based on a review of his available medical records as well as my clinical notes and examination, I consider it as likely as not that [the Veteran's] . . . cervical spine condition [is] due largely if not entirely to his service in the Navy from May of 1965 to May of 1968. He worked in the battery service/rebuild area on board ship and would routinely carry batteries weighing 40 to 50 pounds by himself up stairwells and to and from ships and aircraft. This repetitive lifting and carrying of these heavy lead acid batteries likely was the source of the physical conditions noted above that have progressed to the point where he presents at this date.

During a March 2014 travel Board hearing the Veteran testified that he lifted heavy batteries all day during his military service. See VVA.

A September 2014 VA treatment record notes the Veteran's complaints of knee pain after standing all day.

An April 2015 VA examination report notes that the examiner reviewed the claims file, including the opinion from Dr. JB, and examined the Veteran. The examiner noted the Veteran's contentions that he lifted 80 pound batteries during service. When asked about any injury to his neck since service, reported that he would occasionally get "kinks" in it from doing a lot of looking up (working as an electrician). He denied any diagnosis or treatment related to his neck. On examination, degenerative arthritis of the spine was diagnosed. The examiner opined that the condition claimed was less likely than not caused by the claimed in-service injury, event, or illness because there were no complaints related to the neck found in the available STRs, including the separation examination report. The examiner also noted that a 1999 VA consult notes in two places that the Veteran denied any problems with his neck. The examiner also opined that a cervical spine disability is less likely than not (less than 50% probability) proximately due to or the result of the Veteran's service-connected low back disability. In this regard, the examiner stated, "There is no obvious reason why the history of low back pain would cause or aggravate the veteran's current c-spine degenerative disease. The veteran does not have any gross distortions of his back that would cause him to compensate with his neck. Degenerative disease of the lower back would not "migrate" to the c-spine." The examiner further noted that "Based on his history of working as an electrician for his adult life, and his self reported history of getting "kinks" in his neck from "looking up too long," one could reason that the current findings on xray [sic]are related to both age, and his lifetime occupation."

A June 2015 rating decision granted service connection for degenerative joint disease of the lumbar spine, effective October 16, 2009.

A June 2015 VA record diagnosed degenerative arthritis of the right and left knees.

During a July 2015 VA examination, the Veteran reported that he started having problems with his left knee about three or four earlier with popping and cracking of the knee. The examiner noted that degenerative arthritis of the left knee had been diagnosed in 2008. The examiner provided the opinion that the Veteran's knee disabilities were separate and mutually exclusive disorders than his service connected low back disability and were mostly due to his life-long activities and occupation. In this regard, the examiner stated that the Veteran's knee complaints did not appear until 40 years after his back injury and that if the condition was related it would be expected to manifest within a few years of hip pain and then with complaints of the knee. In an addendum opinion, a VA physician reviewed the evidence and provided the opinion that the Veteran's knee condition was not aggravated by his service connected low back disability. In this regard, it was noted that the Veteran had many other medical comorbidities that would not make it possible to determine if his knee disabilities were aggravated beyond normal progression by his back condition

In an October 2015 statement, the Veteran's private physician Dr. GG noted that he had recently treated the Veteran for bilateral knee disabilities. After reviewing his available medical records and examining the Veteran, he opined that it is as likely as not that the Veteran's knee disabilities, particular complaints of instability, "are due largely, if not entirely," to his service-connected back disability.

Under the relevant laws and regulations, service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C.A. § 1110. Generally, the evidence must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004); Caluza v. Brown, 7 Vet. App. 498, 505 (1995). Regulations also provide that service connection may be granted for a disability diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disability is due to disease or injury which was incurred in or aggravated by service. 38 C.F.R. § 3.303(d).

Service connection may be established under the provisions of 38 C.F.R. § 3.303(b) when the evidence, regardless of its date, shows that a Veteran had a chronic condition in service or during the applicable presumptive period. In addition, certain chronic diseases, including arthritis, may be presumed to have been incurred or aggravated during service if they become disabling to a compensable degree within one year of separation from active duty. 38 U.S.C.A. §§ 1101, 1112; 38 C.F.R. §§ 3.307, 3.309.

Moreover, if a chronic disease is shown in service, subsequent manifestations of the same chronic disease at any later date, however remote, may be service connected, unless clearly attributable to intercurrent causes. 38 C.F.R. § 3.303(b). If a condition noted during service is not shown to be chronic, then generally a showing of continuity of symptomatology after service is required for service connection if the disability is one that is listed in 38 C.F.R. § 3.309(a). The United States Court of Appeals for the Federal Circuit (Federal Circuit) has held that the theory of continuity of symptomatology under 38 C.F.R. § 3.303(b) does not apply to any condition that has not been recognized as chronic under 38 C.F.R. § 3.309(a). See Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). Arthritis is listed as a chronic disability under 38 C.F.R. § 3.309(a); therefore, this disability may be subject to service connection based on continuity of symptomatology.

Finally, in a claim for service connection, the ultimate credibility or weight to be accorded evidence must be determined as a question of fact. The Board determines whether (1) the weight of the evidence supports the claim, or (2) the weight of the "positive" evidence in favor of the claim is in relative balance with the weight of the "negative" evidence against the claim; the appellant prevails in either event. However, if the weight of the evidence is against the appellant's claim, the claim must be denied. 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

Having reviewed the evidence of record with regard to cervical spine disability, the Board finds that neither of the medical opinions of record (provided by VA and Dr. JB) is any more persuasive or probative than the other. In consideration of the Veteran's credible statements pertaining to lifting heavy batteries in service which resulted in neck strain, the Board finds that the evidence is at least in equipoise as to whether the Veteran's current cervical spine disability is related to his active service. 

Moreover, having reviewed the evidence of record with regard to right and left knee disabilities, the Board finds that neither of the medical opinions of record (provided by VA and Dr. GG) is any more persuasive or probative than the other. The Board finds that the evidence is at least in equipoise as to whether the Veteran's current right and left knee disabilities are related to his service-connected back disability.

Resolving the benefit of the doubt in the Veteran's favor, the Board finds that the criteria for service connection for cervical spine disability, right knee disability, and left knee disability are met. 38 U.S.C.A. §§ 1110, 5107(b); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309, 3.310.

ORDER

Service connection for a cervical spine disability is granted.

Service connection for a right knee disability is granted.

Service connection for a left knee disability is granted.

______________________________________________
B. C. MORTON
Acting Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs