http://www.va.gov/vetapp16/Files3/1626405.txt

Citation Nr: 1626405 
Decision Date: 06/30/16 Archive Date: 07/11/16

DOCKET NO. 09-14 495 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida

THE ISSUES

1. Entitlement to an initial disability rating in excess of 10 percent for residuals of a left ankle injury for the period from March 3, 1994, to February 17, 1998.

2. Entitlement to a rating in excess of 10 percent for plantar fascitis of the left foot. 

3. Entitlement to service connection for leg length insufficiency. 

REPRESENTATION

Appellant represented by: The American Legion

WITNESS AT HEARING ON APPEAL

Veteran

ATTORNEY FOR THE BOARD

B. Thomas Knope, Counsel

INTRODUCTION

The Veteran served on active duty from September 1966 to February 1973. 

This matter is on appeal from rating decisions in May 2008, September 2014 and June 2015 by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida. 

The Veteran testified before a Veterans Law Judge in April 2011 who is not currently available to adjudicate the appeal. The Veteran was offered the opportunity to testify at a new hearing before the Board, but declined. Nevertheless, VA's duty to afford the Veteran with a hearing have been met. 38 C.F.R. § 20.700 (2015). 

This appeal is comprised entirely of documents contained in the Virtual VA paperless claims processing system as well as the Veterans Benefits Management System (VBMS). Accordingly, any future documents should be incorporated in the Veteran's VBMS file. 

The issue of entitlement to service connection for a thyroid disorder, to include as due to toxic herbicide exposure, has been raised by the record in an April 2016 statement, but has not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2015). 

The issue addressing the Veteran's ankle disability was previously adjudicated in a March 2013 Board decision. The Veteran appealed this decision to the United States Court of Appeals for Veterans Claims (Court) which, in a February 2014 Order, vacated this aspect of the Board's decision, and remanded for additional development. The issue was remanded by the Board in July 2014 for the required development and, for the reasons stated below, all three issues are REMANDED to the AOJ. VA will notify the appellant if further action is required on her part.

REMAND

The issue on appeal relating to the Veteran's left ankle disability arises originally from a March 2013 Board decision which, in relevant part, determined that an earlier effective date for the grant of service connection was warranted, and changed the effective date from February 18, 1998, to March 3, 1994. In doing so, the Board also determined on its own accord that a 10 percent disability rating was warranted for this period on appeal.

The Veteran appealed this decision to the Court which, in a February 2014 Order, vacated the Board's decision to the extent that it granted a 10 percent disability rating for this period on appeal. As was pointed out in the accompanying Joint Motion for Remand, the assignment of a 10 percent rating by the Board from February 18, 1998, to March 3, 1994, was improper because the rating had not initially been considered by the AOJ.

In compliance with the Court's instructions, the Board subsequently remanded the issue to the AOJ in July 2014, stating:

The AOJ should adjudicate the Veteran's claim for an initial disability evaluation higher than 10 percent for residuals of left ankle injury from March 3, 1994, through February 17, 1998, in light of all pertinent evidence of record to include that submitted directly to the Board. The AOJ should also advise the Veteran of her appellate rights with respect to that issue. 

While the issue was readjudicated by the AOJ in October 2014 and again in July 2015, the Veteran was notified of these decisions on both occasions via a supplemental statement of the case. This was incorrect, as this assignment of a disability rating was effectively a "downstream issue" of the Board's decision to assign an earlier effective date. In such cases, the Veteran must be provided with a rating decision and, if she disagrees with the rating, she must submit a timely notice of disagreement with that decision. See Grantham v. Brown, 114 F.3d 1156, 1158 (Fed. Cir. 1997).

As for the Veteran's leg length insufficiency and plantar fasciitis claims, these were denied by the RO rating decisions from September 2014 and June 2015, respectively. In response, she submitted timely Notices of Disagreement to these issues in February and October 2015. As such, a statement of the case addressing these issues should be issued. Manlincon v. West, 12 Vet. App. 238 (1999); Godfrey v. Brown, 7 Vet. App. 398, 408-10 (1995); Archbold v. Brown, 9 Vet. App. 124 (1996).

Accordingly, the case is REMANDED for the following action:

1. Issue a rating decision to the Veteran addressing the issue of entitlement to an initial disability rating in excess of 10 percent for residuals of a left ankle injury for the period from March 3, 1994, to February 17, 1998.

The Veteran must be informed that if she wishes to have appellate review of this issue, she must submit a timely notice of disagreement. If a notice of disagreement is submitted, the AOJ should take the appropriate action. 

2. Issue a statement of the case on the issues of entitlement to a rating in excess of 10 percent for plantar fascitis of the left foot, as well as entitlement to service connection for leg length insufficiency. The Veteran must be informed of her appeal rights and that she must file a timely substantive appeal to perfect an appeal on these issues. 

3. In the case of all three issues, they should not be returned to the Board unless an appeal is perfected.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
BARBARA B. COPELAND
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).