Citation Nr: 1706037 
Decision Date: 02/28/17 Archive Date: 03/03/17

DOCKET NO. 09-39 006 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Oakland, California


THE ISSUE

Service connection for a gastrointestinal disorder, to include gastroesophageal reflux disease (GERD) and diverticulitis.


REPRESENTATION

Veteran represented by: AMVETS


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Jeremy J. Olsen, Associate Counsel

INTRODUCTION

The Veteran served on active duty in the U.S. Army from March 2006 to October 2007. 

This matter comes before the Board of Veterans' Appeals (Board) from a November 2007 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Seattle, Washington. Jurisdiction over the claim has since been transferred to the RO in Oakland, California. 

The Veteran offered testimony at a May 2015 Travel Board hearing before the undersigned Veterans Law Judge. At that time, he submitted additional evidence along with waiver of initial consideration by the RO. As such, the Board may properly consider such evidence. 38 C.F.R. § 20.1304 (c) (2016).

The Board further notes that, since its July 2015 remand, the VA Appeals Management Center, in a September 2015 rating decision, awarded service connection for a prostate gland injury, previously diagnosed as prostatitis, and for hemorrhoids, internal, claimed as hematochezia. As such was a full grant of the benefits sought on appeal, the appeal as to these issues terminated and is no longer before the Board. See Grantham v. Brown, 114 F.3d 1156 (Fed. Cir. 1977).

Finally, the Board notes that the Veteran originally filed his claim as one for service connection for a chronic disability manifested by indigestion. However, the United States Court of Appeals for Veterans Claims (Court) has determined that, in determining the scope of a claim, the Board must consider the claimant's description of the claim, symptoms described, and the information submitted or developed in support of the claim. See Brokowski v. Shinseki, 23 Vet. App. 79 (2009) (when a claimant makes a claim, he is seeking service connection for symptoms regardless of how those symptoms are diagnosed or labeled); see also Clemons v. Shinseki, 23 Vet. App. 1, 5 (2009). Therefore, in light of the gastrointestinal diagnoses of record, to include GERD and diverticulitis, the Board has recharacterized the issue on appeal as entitlement to service connection for a gastrointestinal disorder, to include GERD and diverticulitis, as reflected on the first page of this decision.

This appeal was processed using the Veterans Benefits Management System (VBMS) and Virtual VA electronic records system. 


FINDING OF FACT

Resolving all doubt in favor of the Veteran, his gastrointestinal disorder, to include GERD and diverticulitis, had its onset during active duty service. 


CONCLUSION OF LAW

GERD and diverticulitis were incurred in the Veteran's active duty service. 38 U.S.C.A. §§ 1101, 1110, 5103, 5103A, 5107 (West 2002); 38 C.F.R. § 3.303 (2013).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303 (a). Service connection may also be granted for any disease diagnosed after discharge, when all of the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303 (d).

Direct service connection may not be granted without evidence of a current disability; in-service incurrence or aggravation of a disease or injury; and a nexus between the claimed in-service disease or injury and the present disease or injury. Id.; see also Caluza v. Brown, 7 Vet. App. 498, 506 (1995) aff'd, 78 F.3d 604 (Fed. Cir. 1996) [(table)].

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

As noted above, the Veteran is seeking service connection for a gastrointestinal disorder, to include GERD and diverticulitis. In his statements of record and testimony at the May 2015 Board hearing, the Veteran has asserted that his current gastrointestinal disorder had its onset in service. He indicated at the hearing that he filed a service connection claim for indigestion because he was unsure of what diagnosis he had been given for the condition. Since that time, he asserted, he was diagnosed with diverticulitis and given a special diet which worked to reduce his symptoms. The record also reflects that the Veteran has been diagnosed with GERD.

In his February 2006 Report of Medical History, undertaken for purposes of entry into service, the Veteran denied experiencing frequent indigestion or heartburn and stomach or intestinal trouble. Service treatment records show that, in August 2006 he was seen for complaints of vomiting and difficulty eating. At that time, he reported chronic nausea and vomiting and was given medication. In February 2007, the Veteran was diagnosed with GERD, as he reported frequent substernal burning without alleviating or aggravating factors. In March 2007, the Veteran was found to have "good control" of his GERD, which was found to have resolved. In his January 2007 Report of Medical History, the Veteran reported frequent indigestion or heartburn. In the concurrent Report of Medical Examination, it was noted that the Veteran had GERD symptoms in the past, but that they had resolved. 

In August 2007, the Veteran underwent a VA examination in connection with his claim. At that time, the examiner was unable to provide a diagnosis regarding what was then characterized as a claim for indigestion, as the Veteran had yet to undergo an upper gastrointestinal study. 

In March 2010, the Veteran was provided with a VA examination. The examiner concluded that the Veteran's then-current indigestion symptoms were the same ones that he experienced while in service. 

In an April 2014 VA treatment note, the Veteran sought to establish care at the VA clinic and reported experiencing heartburn. In May 2015, the Veteran was seen for a gastroenterology consult. He reported taking over-the-counter medication to treat stomach problems. 

In August 2015, in response to the Board's July 2015 remand, the Veteran underwent a VA examination. At that time, the examiner diagnosed the Veteran with GERD and diverticulosis. He noted that the Veteran had experienced recurrent reflux, acid taste and regurgitation since service. The Veteran's GERD was characterized by infrequent episodes of epigastric distress, reflux and regurgitation. When asked to address nexus, the examiner merely indicated again that the Veteran had experienced symptoms including reflux and regurgitation since military service. 

A May 2016 VA treatment note showed the Veteran was experiencing nausea and vomiting and was diagnosed with diverticular disease. 

In July 2016, the Veteran's file was reviewed by a VA medical officer who drafted an opinion concerning the Veteran's claim. At that time, she noted the Veteran's in-service diagnosis of GERD, but found that his indigestion claim, expanded to include diverticulitis and diverticulosis, was less likely than not originated in service. As rationale, she found that there was a lack of evidence to support an active duty diagnosis related to a chronic condition "manifested by indigestion." 

The Board finds at the outset that none of the VA examination reports adequately address whether or not the Veteran's gastrointestinal disorder is due to his military service. The Court has held that a medical examination report must contain not only clear conclusions with supporting data, but also a reasoned medical explanation connecting the two. See Nieves- Rodriguez v. Peake, 22 Vet. App. 295 (2008); Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007) ("[A]medical opinion ... must support its conclusion with an analysis that the Board can consider and weigh against contrary opinions"); see also Barr v. Nicholson, 21 Vet. App. 303, 311 (2007). 

Here, the August 2007, March 2010, and August 2015 VA examiners each failed to fully address a nexus, if any, between the Veteran's disorder and military service. The 2007 examiner provided no opinion; the 2010 examiner reiterated that the Veteran's symptoms had continued since separation from service; and the 2015 examiner merely recited the Veteran's contentions that he had experienced symptoms since service.

The July 2016 VA medical officer concluded that there was a lack of evidence to support an in-service diagnosis related to indigestion; however, the Veteran's service treatment records clearly show complaints of, and treatment for, such conditions. See Reonal v. Brown, 5 Vet. App. 458, 461 (1993)(an opinion based on an in accurate factual premise has no probative value).

Thus, the VA examination reports are afforded little, if any, probative weight on the question of nexus.

The Veteran has asserted that he has experienced gastrointestinal symptoms since his Army service. As a lay person, the Veteran is competent to report what comes to him through his senses, such as GERD and diverticulitis symptoms. Layno v. Brown, 6 Vet. App. 465 (1994). He has consistently reported such symptoms to his doctors, and his post-service VA treatment notes show continuing complaints of gastrointestinal problems. Overall, the Veteran's description of symptoms in service and after service is credible and consistent with the evidentiary record. The Board notes that the March 2010 VA examiner, while silent as to the cause of the Veteran's gastrointestinal disability, indicated that the symptoms experienced at that time were the same type the Veteran experienced in service.

Based upon the foregoing, the Board finds there is sufficient evidence to establish the onset of the Veteran's present GERD during active service. This finding is appropriate in light of service treatment records documenting not only GERD symptoms but also a diagnosis, and the Veteran's credible accounts of continued symptoms after separation. Furthermore, in July 2016, the Veteran was diagnosed with diverticular disease on the same symptoms. Therefore, affording all benefit of doubt to the Veteran, the Board finds that service connection for GERD and diverticulitis is warranted. 38 U.S.C.A. § 5107 (b); 38 C.F.R. § 3.102; Gilbert, supra.


ORDER

Service connection for gastroesophageal reflux disease and diverticulitis is granted. 



____________________________________________
BETHANY L. BUCK
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs