Citation Nr: 1719105 
Decision Date: 05/31/17 Archive Date: 06/06/17

DOCKET NO. 10-38 559 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Cleveland, Ohio


THE ISSUE

Entitlement to service connection for a neck injury. 


REPRESENTATION

Appellant represented by: The American Legion


WITNESSES AT HEARING ON APPEAL

Veteran and his spouse


ATTORNEY FOR THE BOARD

H. Hoeft, Counsel


INTRODUCTION

The Veteran served on active duty from March 1996 to March 2000. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an October 2009 rating decision, by the Cleveland, Ohio, Regional Office (RO), which denied the Veteran's attempt to reopen the claims of entitlement to service connection for a right shoulder disorder, and a neck disorder. He perfected a timely appeal to that decision. 

In June 2013, the Veteran appeared and offered testimony at a hearing before a Veterans Law Judge sitting at the RO. A transcript of that hearing is also of record 

In February 2014, the Board reopened and remanded the issues for further development of the record. 

In a July 2014 decision, the RO granted service connection for a right shoulder injury; this constituted a full award of the benefits sought on appeal with respect to this issue. See Grantham v. Brown, 114 F.3d 1156, 1158 (Fed. Cir. 1997).

Unfortunately, the Veteran died during the pendency of this appeal, and the appeal will be dismissed.


FINDING OF FACT

In April 2017, the Board was notified that the Veteran died in that same month.


CONCLUSION OF LAW

Due to the death of the Veteran, the Board has no jurisdiction to adjudicate the merits of this appeal at this time. 38 U.S.C.A. § 7104(a) (West 2015); 38 C.F.R. § 20.1302 (2016). 



REASONS AND BASES FOR FINDING AND CONCLUSION

Unfortunately, the Veteran died during the pendency of the appeal. As a matter of law, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the Veteran and must be dismissed for lack of jurisdiction. See 38 U.S.C.A. § 7104(a) (West 2015); 38 C.F.R. § 20.1302 (2016).

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 38 C.F.R. § 20.1106 (2016). 

The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the appellant's death. See 38 U.S.C.A. § 5121A (West 2015); 38 C.F.R. § 3.1010(b) (2016). A person eligible for substitution includes "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ...." 38 U.S.C.A. § 5121A (West 2015); see 38 C.F.R. § 3.1010(a) (2016). An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA office from which the claim originated (listed on the first page of this decision). 38 C.F.R. § 3.1010(b) (2016). 

 (CONTINUED ON NEXT PAGE)






ORDER

The appeal is dismissed.



______________________________________________
TANYA SMITH
Veterans Law Judge, Board of Veterans' Appeals


 

Department of Veterans Affairs