Citation Nr: 1722232 
Decision Date: 06/15/17 Archive Date: 06/29/17

DOCKET NO. 11-34 313 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Portland, Oregon


THE ISSUE

What evaluation is warranted for a chronic muscular strain with lumbar instability from June 16, 2009?


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

M. Carsten, Counsel

INTRODUCTION

The Veteran served on active duty from August 1975 to March 1976.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a March 2010 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Portland, Oregon. 

In June 2014, a travel board hearing was held before the undersigned. In November 2014, the Board remanded the listed issue as well as the issue of entitlement to a total disability rating based on individual unemployability for additional development. 

In October 2015, VA granted entitlement to a total disability rating based on individual unemployability. As this issue was resolved, it is no longer for consideration. See Grantham v. Brown, 114 F.3d 1156 (Fed. Cir. 1997).

This is a paperless appeal and the Veterans Benefits Management System (VBMS) and Virtual VA folders have been reviewed. 


FINDING OF FACT

For the period since June 16, 2009, a chronic muscular strain with lumbar instability has not been manifested by unfavorable ankylosis of the entire thoracolumbar spine. 


CONCLUSION OF LAW

For the period since June 16, 2009, the criteria for an evaluation greater than 40 percent for a chronic muscular strain with lumbar instability have not been met. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 4.3, 4.7, 4.71a, Diagnostic Code 5237 (2016).

REASONS AND BASES FOR FINDING AND CONCLUSION

Veterans Claims Assistance Act of 2000 (VCAA)

With respect to the Veteran's claim herein, VA has met all statutory and regulatory notice and duty to assist provisions. See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326 (2016); see also Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015).

Analysis

The Board has thoroughly reviewed all the evidence, including all hearing testimony, lay statements, VA treatment records, and examination reports. Although the Board has an obligation to provide reasons and bases supporting this decision, there is no need to discuss, in detail, all the evidence submitted by the Veteran or on his behalf. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000). The Veteran must not assume that the Board has overlooked pieces of evidence that are not explicitly discussed herein. See Timberlake v. Gober, 14 Vet. App. 122 (2000).

In March 2010, VA granted entitlement to compensation for a chronic muscular strain superimposed on degenerative instability under 38 U.S.C.A. § 1151 and assigned a 30 percent rating from June 16, 2009. While objective findings supported a 40 percent rating, the evaluation was reduced based on a determination that 70 percent of the disability was attributed to an accident that occurred during VA compensated work therapy and 30 percent due to a preexisting disorder. In January 2013, the rating was increased to 40 percent also effective June 16, 2009. At that time, 90 percent of the disability was attributed to the aforementioned accident. 

Disability ratings are determined by applying the criteria set forth in the VA Schedule for Rating Disabilities (rating schedule), found in 38 C.F.R. Part 4. Disability ratings are intended to compensate impairment in earning capacity due to a service-connected disorder. 38 U.S.C.A. § 1155. Staged ratings are appropriate for any rating claim when the factual findings show distinct time periods during the appeal period where the service-connected disability exhibits symptoms that would warrant different ratings. Hart v. Mansfield, 21 Vet. App. 505 (2007); Fenderson v. West, 12 Vet. App. 119 (1999).

The Veteran's low back disability is evaluated under Diagnostic Code 5237 as a lumbosacral strain. Pursuant to the General Rating Formula for Diseases and Injuries of the Spine (general rating formula), a 40 percent rating is assigned when forward flexion of the throracolumbar spine is 30 degrees or less; or there is favorable ankylosis of the entire thoracolumbar spine. A 50 percent rating is assigned when there is unfavorable ankylosis of the entire thoracolumbar spine. 38 C.F.R. § 4.71a, Diagnostic Code 5237. These ratings apply with or without symptoms such as pain (whether or not it radiates), stiffness, or aching in the area of the spine affected by residuals of injury or disease. Id.

The Veteran contends that the currently assigned evaluation does not adequately reflect the severity of his disability. At the hearing, he testified that he has difficulty with standing, sitting, going up and down stairs, and driving. He further reported that he could not make it through the day without frequently lying down. 

At a March 2010 VA examination range of thoracolumbar motion was forward flexion to 25 degrees, extension to 5 degrees, rotation right and left to 15 degrees, and lateral bending right and left to 20 degrees. There was pain over the full motion. The examiner noted subjective symptoms and flare-ups. Decreasing flexion of the back by 20 degrees represented the various chronic symptoms; however, repeated movement on examination did not cause flare-up or loss of motion.

At a VA examination in June 2011 thoracolumbar motion study revealed forward flexion to 20 degrees, extension to 3 degrees, rotation right and left to 10 degrees, and lateral bending right and left to 8 degrees. There was pain with motion but repeat motion did not cause flare-ups or loss of motion. 

At a VA examination in July 2012 thoracolumbar motion revealed forward flexion to 10 degrees with pain beginning at 10 degrees, extension to 5 degrees with pain beginning at 5 degrees, right and left lateral flexion to 15 degrees with pain beginning at 15 degrees, and right and left lateral rotation to 20 degrees with pain beginning at 20 degrees. The Veteran was unable to perform repetitive use testing due to pain and instability. The examiner indicated there was functional loss with less movement than normal, weakened movement, excess fatigability, incoordination, pain on movement, instability of station, disturbance of locomotion, and interference with sitting, standing and/or weightbearing. 

The Veteran most recently underwent a VA back examination in May 2015. Thoracolumbar motion study revealed forward flexion to 70 degrees, and extension, bilateral lateral flexion, as well as bilateral lateral rotation to 20 degrees. There was pain with all motions. There was no ankylosis of the spine. The Veteran was able to perform repetitive use testing and there was no additional loss of function or range of motion after three repetitions. The examiner noted that pain and weakness would cause functional loss with repeated use over a period of time. He described this in terms of range of motion as follows: forward flexion to 65 degrees, extension to 15 degrees, and right and left lateral flexion and rotation to 15 degrees. The examiner also noted flare-ups and described in terms of range of motion as: forward flexion to 60 degrees; extension to 15 degrees; and right and left lateral flexion and rotation to 20 degrees. 

VA medical records show continued complaints and treatment related to the low back. 

On review, the evidence of record does not show the Veteran's low back disorder has been manifested by unfavorable ankylosis of the entire thoracolumbar spine at any time since June 16, 2009. While VA examinations and records consistently show limited back motion, the Veteran also consistently demonstrated the ability to move his spine in all planes of movement. Indeed, the most recent examination showed significantly improved range of motion. 

The Board has considered the Veteran's complaints of functional impairment, but there is no adequate pathology sufficient to warrant a higher rating based on pain on motion or other factors. It bears repeating that the general rating formula evaluates diseases and injuries of the spine based upon limitation of motion, and that those criteria are controlling regardless whether there are symptoms such as pain (whether or not it radiates), stiffness, or aching in the area of the spine affected by residuals of injury or disease. 38 C.F.R. § 4.71a.

The Veteran is not service connected for an intervertebral disc syndrome and as such, the formula for rating intervertebral disc syndrome is not for application. See 38 C.F.R. § 4.71a, Diagnostic Code 5243.

Pursuant to the general rating formula, associated objective neurologic abnormalities are to be separately evaluated. See Note (1). The Veteran is already receiving compensation for radiculopathy in the lower extremities and the ratings assigned those disorders are not in appellate status.

The appeal is denied.

In reaching this decision the Board considered the doctrine of reasonable doubt, however, as the preponderance of the evidence is against the appellant's claim, the doctrine is not for application. Gilbert v. Derwinski, 1 Vet.App. 49 (1990).


ORDER

Entitlement to an initial evaluation greater than 40 percent for a chronic muscular strain with lumbar instability is denied.




____________________________________________
DEREK R. BROWN
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs