Citation Nr: 1808260 
Decision Date: 02/08/18 Archive Date: 02/20/18

DOCKET NO. 11-00 818 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Roanoke, Virginia


THE ISSUES

1. Entitlement to an evaluation in excess of 10 percent for degenerative joint disease (DJD) of the right knee.

2. Entitlement to an evaluation in excess of 10 percent for DJD of the left knee.


REPRESENTATION

Appellant represented by: Robert V. Chisholm, Attorney


ATTORNEY FOR THE BOARD

J. Sandler, Associate Counsel




INTRODUCTION

The Veteran served on active duty from September 2005 to January 2006. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a November 2009 rating decision by the Roanoke, Virginia Department of Veterans Affairs (VA) Regional Office (RO). 

In May 2016, the Board denied increased evaluations for the Veteran's bilateral knee disabilities, in addition to denying increased evaluations for left hip strain and bilateral foot disabilities. The Veteran partially appealed the decision to the United States Court of Appeals for Veterans Claims (Court). Pursuant to an April 2017 Court Order and Joint Motion for Partial Remand, the Court vacated the Board's denials as to the Veteran's bilateral knee disabilities. These issues are again before the Board. 

In the same May 2016 Board decision that was partially vacated, the Board also remanded the issues of entitlement to service connection for a right hip disability and entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU). At this time, these issues have not been re-certified to the Board. The Board's review of the claim file reveals that the AOJ is still taking action on these issues. As such, the Board will not accept jurisdiction over them at this time, but they will be the subject of a subsequent Board decision, if otherwise in order.

After the Veteran filed her substantive appeal (VA Form 9), service connection for posttraumatic stress disorder and depression was granted in a December 2015 rating decision. Because that decision represents a full grant of the benefit sought, those issues are not before the Board. Grantham v. Brown, 114 F.3d 1156 (Fed. Cir. 1997). 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

The Court vacated the Board's May 2016 denials because it relied on an inadequate November 2015 VA knee examination. Specifically, the examiner failed to sufficiently report additional functional loss during flare-ups and after repetitive use. Indeed, the examiner's explanation for not describing additional functional loss in terms of range of motion was inadequate, because it was simply a statement of "see baseline" without further explanation. See Mitchell v. Shinseki, 25 Vet. App. 32 (2011); Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007). Additionally, the Veteran reported she has flare-ups during cold weather, see December 2010 statement, which the examiner did not consider. Remand for a new VA knee examination is necessary. 

Accordingly, the case is REMANDED for the following action:

1. The AOJ should obtain copies of VA treatment records for the Veteran's disabilities from September 2017 to the present. The AOJ should ensure that the complete records of all VA evaluations and treatment the Veteran has received for her disabilities are associated with the record.

2. After the above development has been completed, the AOJ should arrange for an orthopedic examination of the Veteran to assess the current severity of her service-connected bilateral knee disabilities. The examiner must review the entire record in conjunction with the examination and note such review was undertaken. Pathology, symptoms (frequency and severity), and any associated impairment of function should be described in detail. All indicated tests or studies should be completed.

Range of motion studies should include active and passive motion, and weight-bearing and non-weight-bearing. The examiner should note any further functional limitations due to pain, weakness, fatigue, incoordination, or any other such factors. If feasible, the examiner must assess the additional functional impairment on repeated use or during flare-ups (including flare-ups during cold weather) in terms of the degree of additional range of motion loss, using lay observations specifically elicited from the Veteran. If not feasible, the examiner must provide a detailed explanation and rationale for why such could not be accomplished. Specifically, if the medical professional cannot provide an opinion without resorting to mere speculation, he or she shall provide a complete explanation for why an opinion cannot be rendered. 

A detailed explanation (rationale) is required for all opinions provided. (By law, the Board is not permitted to rely on any conclusion that is not supported by a thorough explanation. Providing an opinion or conclusion without a thorough explanation will delay processing of the claim and may also result in a clarification being requested.)

If upon completion of the above action the claim remains denied, the case should be returned to the Board after compliance with appellate procedures. The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).


 (CONTINUED ON NEXT PAGE)





This appeal must be afforded expeditious treatment. The law requires that all matters that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).



_________________________________________________
E. I. VELEZ
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2012), only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of the Veteran's appeal. 38 C.F.R. § 20.1100(b) (2017).