Citation Nr: 1829755 
Decision Date: 07/27/18 Archive Date: 08/02/18

DOCKET NO. 14-31 462 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Roanoke, Virginia


THE ISSUE

Entitlement to service connection for Barrett's esophagus.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESSES AT HEARING ON APPEAL

Appellant and his spouse


ATTORNEY FOR THE BOARD

M. Carsten, Counsel


INTRODUCTION

The Veteran served on active duty from November 1974 to November 1978.

In September 2016, a videoconference hearing was held before the undersigned. 

In January 2017, the Board granted entitlement to service connection for hepatitis C, liver cirrhosis, and right ear hearing loss. The Board denied entitlement to service connection for Barrett's esophagus and for right and left knee and right and left foot disorders. The issue of entitlement to service connection for left ear hearing loss was remanded. 

In September 2017, VA granted entitlement to service connection for bilateral hearing loss. The left ear hearing loss issue is resolved and no longer for consideration. See Grantham v. Brown, 114 F.3d 1156 (Fed. Cir. 1997).

The Veteran appealed the January 2017 Board decision to the United States Court of Appeals for Veterans Claims (Court). By Order dated in October 2017, the Court granted a Joint Motion for Partial Remand. The Board's decision denying entitlement to service connection for Barrett's esophagus was vacated and remanded. The remaining issues were dismissed. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C. § 7107(a)(2).


FINDING OF FACT

Information in the claims folder indicates the Veteran died in June 2018. 


CONCLUSION OF LAW

Due to the death of the appellant, the Board has no jurisdiction to adjudicate the merits of this appeal at this time. 38 U.S.C. § 7104(a); 38 C.F.R. § 20.1302. 


REASONS AND BASES FOR FINDING AND CONCLUSION

Unfortunately, the appellant died during the pendency of the appeal. As a matter of law, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the appellant and must be dismissed for lack of jurisdiction. See 38 U.S.C.A. § 7104(a); 38 C.F.R. § 20.1302.

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 38 C.F.R. § 20.1106. 

The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the appellant's death. See 38 U.S.C.A. § 5121A; 38 C.F.R. § 3.1010(b). A person eligible for substitution includes "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ...." 38 U.S.C.A. § 5121A; see 38 C.F.R. § 3.1010(a). An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the Roanoke, Virginia Regional Office. 38 C.F.R. § 3.1010(b). 


ORDER

The appeal is dismissed.


 
DEREK R. BROWN
 Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs