RICH, Circuit Judge.
Bobby N. Grantham (Grantham), appeals from the September 19, 1995 Decision of the Court of Veterans Appeals dismissing the appeal concerning Grantham’s left-eye claim, and remanding concerning his pension claim. For the reasons discussed below, we reverse the Court of Veterans Appeals’ decision on the left eye-claim and remand, and we dismiss the appeal regarding the pension claim.
Background
Two issues are before the court for review. The first concerns Grantham’s left-eye claim. The second concerns Grantham’s pension claim.
Section 402 of the Veterans’ Judicial Review Act, Pub.L. No. 100-687, Div. A, 102 Stat. 4105 (1988) (VJRA), extends the jurisdiction of the Court of Veterans Appeals to only those appeals initiated by a Notice of Disagreement (NOD) filed on or after November 18, 1988. Grantham filed two NODs concerning his left-eye condition. The first was filed before November 18, 1988 and expressed Grantham’s disagreement with a decision denying a service-connection for his left-eye condition. Sometime later, a service-connection was established for the condition. After the service-connection was established, and after November 18,1988, Grantham filed the second NOD disagreeing with a decision to rate the service-connected, left-eye condition as noncompensable. The Court of Veterans Appeals held that the appeal concerning the second NOD was “part of the case to which [the first] NOD applied” and since that earlier case stemmed from an NOD filed before November 18, 1988, there was no jurisdiction in the Court of Veterans Appeals to hear an appeal concerning that case. Grantham v. Brown, 8 Vet.App. 228, 231 (1995) (quoting West v. Brown, 7 Vet.App. 329, 331 (1995) (in banc)).
*1158 Grantham also appealed to the Court of Veterans Appeals on a pension claim. The Court of Veterans Appeals vacated the Board of Veterans’ Appeals’ pension claim decision and remanded the matter “for expeditious further development and readjudication, on the basis of all applicable law and regulation, and issuance of a readjudicated decision supported by an adequate statement of reasons or bases.” Grantham, 8 Vet.App. at 236.
Analysis
Two issues are before us for consideration. The first issue is the Court of Veterans Appeals’ dismissal of Grantham’s appeal concerning his left-eye claim. Both parties argue that the dismissal for lack of jurisdiction was improper. We agree, and reverse and remand the left-eye claim to the Court Of Veterans Appeals. The second issue is the Court of Veterans Appeals’ remand of Grant-ham’s pension claim. It is unclear whether the parties actually present any dispute on this issue. Grantham may raise the issue in his notice of appeal but does not argue it in his brief. Under settled principles of law, the decision to remand will not be disturbed.
The Court of Veterans Appeals’ decision to dismiss the appeal concerning the left-eye claim is brought before the court under unusual circumstances. Both parties agree, for the same reasons, that the decision below was improper. As a result, there is no real dispute concerning this issue. Because subject matter jurisdiction in this Court may not be created by consent of the parties, however, this issue may not be resolved by consent and must be addressed on the merits.
It is clear that an agency of original jurisdiction’s (AOJ’s) first decision regarding a claim for benefits might not resolve, or even address, all necessary elements of the application for benefits. In the case of Grantham, for example, the AOJ’s first decision found that Grantham’s condition was not service-connected, and therefore the decision never reached the down-stream question concerning compensation level. As a result, Grant-ham’s first appeal to the Board of Veterans Appeals and Court of Veterans Appeals concerned only the question of service-connectedness. Grantham’s second NOD, and the appeal therefrom to the Court of Veterans Appeals, concerned a new and previously undecided issue: the compensation level for the condition that had been found to be service-connected. The issue of compensation level is based on an entirely new NOD. The issue was not addressed at any time during the appeal process stemming from the first NOD. It was only the second NOD that could, and did, initiate appellate review of this claim concerning compensation level. Because the NOD that initiated appellate review of this claim was filed on or after November 18, 1988, the Court of Veterans Appeals had jurisdiction.
The Court of Veterans Appeals reached a different result on this issue by erroneously interpreting the broad dictum of Hamilton v. Brown, 39 F.3d 1574, 1586 (Fed.Cir.1994). According to the Court of Veterans Appeals, Hamilton “clearly established that ‘[t]here can only be one valid NOD as to a particular claim____’” Grantham v. Brown, 8 Vet.App. at 231 (quoting Hamilton v. Brown, 4 Vet.App. 528, 538 (1993), aff'd, 39 F.3d 1574 (Fed.Cir.1994)). We disagree. It is axiomatic that the language in Hamilton, as in any other case, must be read in light of the facts and issues that were before the court when the language was written. The holding of Hamilton is much narrower than the decision below suggests. Moreover, the facts and issues in Hamilton are operatively different from those before us in this case.
In Hamilton, the document filed by Hamilton did not initiate appellate review of his claim in that it merely joined new arguments in the updated statement of the AOJ’s position. 39 F.3d at 1584. Both sets of arguments, old and new, concerned the same element of Hamilton’s claim: the service connectedness of Hamilton’s apparent disorder. 39 F.3d at 1577-78.
In contradistinction, Grantham’s second NOD, and the appeal therefrom to the Court of Veterans Appeals, concerned an element that was not considered during the appeal stemming from his first NOD. Because the first appeal concerned the rejection of the logically up-stream element of service-con *1159 nectedness, the appeal could not concern the logically down-stream element of compensation level. Therefore, the second NOD creates jurisdiction because, as a matter of logic, the second NOD is the first NOD that is actually able to initiate appellate review of the issue. See Ephraim v. Brown, 82 F.3d 399, 402 (Fed.Cir.1996) (noting an analogous situation under which a newly diagnosed disorder, whether or not medically related to a previously diagnosed disorder, cannot be viewed as the same claim for jurisdictional purposes when it has not been previously considered).
Lastly, we must also address the Court of Veterans Appeals’ decision to remand the pension claim. This court typically does not have jurisdiction over Court of Veterans Appeals remands. See Cabot Corp. v. United States, 788 F.2d 1539, 1542 (Fed.Cir.1986). An exception to this rule does exist when the remand disposes of an important 'legal issue that would be effectively unreviewable at a later stage of litigation. Travelstead v. Derwinski, 978 F.2d 1244, 1247-49 (Fed.Cir.1992). This case clearly does not present such an exception. In contradistinction, the remand was directed “for expeditious farther development and readjudication, on the basis of all applicable law and regulation, and issuance of a readjudieated decision supported by an adequate statement of reasons or bases.” Grantham v. Brown, 8 Vet.App. at 236 (emphasis added).
Conclusion
In light of the foregoing, we reverse the Court of Veterans Appeals’ decision to dismiss the aspect of the appeal concerning Grantham’s left-eye condition, remanding the issue to the Court of Veterans Appeals. We dismiss the appeal regarding the remand of the pension claim.
REVERSED-IN-PART, DISMISSED-IN-PART, AND REMANDED.