PER CURIAM.
Turner Myer, III, seeks review of the May 30, 2002, order of the United States Court of Appeals for Veterans Claims dismissing Mr. Myer’s appeal from a Board of Veterans’ Appeals decision. Because the Court of Appeals for Veterans Claims properly dismissed Mr. Myer’s appeal for lack of jurisdiction, this court affirms.
I.
In January 1980, Mr. Myer filed a claim for disability pension benefits with the Houston regional office of the United States Department of Veterans Affairs. In February 1980, the Regional Office denied the claim. In July 1980, the Board of Veterans’ Appeals upheld the denial of Mr. Myer’s claim, found that he was less than 100% disabled and not unemployable due to permanent disability, and concluded that he was not entitled to a disability pension under applicable law. In March 1991, Mr. Myer filed another claim for disability pension benefits. The claim was initially denied, but after several appeals the Department of Veterans Affairs issued in October 2001 a Rating Decision authorizing an extra-schedular permanent and total disability rating for Mr. Myer. However, the Department of Veterans Affairs later rejected Mr. Myer’s claim because he had been in prison since 1985 and was therefore ineligible for benefits under 38 C.F.R. § 3.666 (2000).
In April 2002, Mr. Myer filed a notice of appeal from the 1980 Board of Veterans’ Appeals decision. On October 22, 2002, the Court of Appeals for Veterans Claims dismissed Mr. Myer’s appeal for lack of jurisdiction. Mr. Myer timely appealed the dismissal to this court, which has jurisdiction pursuant to 38 U.S.C. § 7292(c) (2000).
II.
A. Standard of Review
In an appeal from a decision of the Court of Appeals for Veterans Claims, this court “shall decide all relevant questions of law, including interpreting constitutional and statutory provisions.” 38 U.S.C. § 7292(d)(1) (2000). This court must set aside any regulation or interpretation that it finds to be “(A) arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law.” Id. This court may not review a challenge to a factual determination or a challenge to a law or regulation as applied to the facts of a case, for non-constitutional issues. 38 U.S.C. § 7292(d)(2) (2000).
B. Jurisdiction Over Mr. Myer’s Appeal
The Court of Appeals for Veterans Claims dismissed Mr. Myer’s appeal because Mr. Myer did not file a notice of appeal within the statutory deadline of 120 days from the date of the Board of Veterans’ Appeals decision. A notice of appeal must be filed within 120 days of a Board of Veterans’ Appeals decision to obtain review by the Court of Appeals for Veterans Claims. 38 U.S.C. § 7266(a) (2000). Mr. Meyer filed a notice of appeal in 2002 from the 1980 Board of Veterans’ Appeals decision. Mr. Myer thus exceeded the 120 day deadline. The Court of Appeals for Veterans Claims properly dismissed Mr. Myer’s appeal for lack of jurisdiction.
Even if Mr. Myer had timely filed the notice of appeal, the Board of Veterans’ Appeals would have no jurisdiction. The Veterans’ Judicial Review Act of 1988 created the United States Court of Veterans Appeals, which was renamed in 1999 the *950 Court of Appeals for Veterans Claims. The Court of Appeals for Veterans Claims has jurisdiction to hear appeals of decisions of the Board of Veterans’ Appeals, but only if a notice of disagreement was filed on or after November 18, 1988, to initiate the case. Grantham v. Brown, 114 F.3d 1156, 1157 (Fed.Cir.1997). A person must file a Notice of Disagreement (NOD) to initiate review by the Board of Veterans’ Appeals of a Regional Office decision, a requirement that dates back well before 1980. See 38 C.F.R. §§ 19.113 and 19.114 (1974). The record does not show when Mr. Myer filed the NOD to initiate his appeal to the Board of Veterans’ Appeals. However, the NOD could not have been filed later than January 1980, the date on which Mr. Myer filed his appeal to the Board of Veterans’ Appeals. Because Mr. Myer would have filed the NOD before the threshold date of November 18, 1988, the Court of Appeals for Veterans Claims has no jurisdiction to hear Mr. Myer’s appeal.
CONCLUSION
The Court of Appeals for Veterans Claims properly dismissed Mr. Myer’s appeal for lack of jurisdiction.