Citation Nr: 1132141 
Decision Date: 08/31/11 Archive Date: 09/07/11

DOCKET NO. 07-17 485 ) DATE
 )
 )


On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUE

Whether referral for consideration of entitlement to a compensable initial rating for the Veteran's service-connected bilateral hearing loss on an extraschedular basis is warranted. 



REPRESENTATION

Appellant represented by: Vietnam Veterans of America



ATTORNEY FOR THE BOARD

B. Diliberto, Associate Counsel


INTRODUCTION

The Veteran had active service from May 1979 to May 2001. 

This matter comes before the Board of Veterans' Appeals (BVA or Board) on appeal from a January 20907 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas, that denied the benefit sought on appeal. The Veteran appealed that decision and the case was referred to the Board for appellate review. 

This case was previous before the Board in June 2009, on which occasion the Board denied entitlement to a compensable rating for the Veteran's bilateral hearing loss on a schedular basis, but remanded that issue to determine whether referral for consideration of an extraschedular rating is warranted. The claims file reflects that further action is warranted on that issue even though such will, regrettably, further delay an appellate decision on those issues. 

The June 2009 Board action also remanded the Veteran's claim of entitlement to service connection for diabetes mellitus. The grant of service connection for that condition in a December 201 rating decision is a complete grant of the benefit sought, and, therefore, that matter is no longer before the Board. See Grantham v. Brown, 114 F.3d 1156 (Fed. Cir. 1997).

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.


REMAND

The Veteran has claimed entitlement to a compensable initial rating for his service-connected bilateral hearing loss. In July 2006 the Veteran requested to reopen a claim seeking entitlement to service connection for bilateral hearing loss. The Board notes that entitlement to service connection for left hearing loss had already been established. A January 2007 rating decision denied entitlement to a compensable rating for the Veteran's service-connected left ear hearing loss. A July 2007 rating decision granted entitlement to service connection for right ear hearing loss and assigned a noncompensable rating effective from July 11, 2006. 

As noted above, in June 2009 the Board denied entitlement to a compensable rating on a schedular basis and remanded a portion of the claim for a determination as to whether referral for consideration of an extraschedular rating was warranted. In its remand the Board instructed the RO/AMC to schedule the Veteran for an appropriate VA examination in support of his claim. Specifically, that examination was to ascertain the effect of the Veteran's hearing loss on his occupational functioning and daily living in accordance with VA Fast Letter No. 07-10 (April 24, 2007). In Martinak v. Nicholson, 21 Vet. App. 447 (2007) the Court held that in addition to dictating objective results, a VA audiologist must fully describe the functional effects caused by a hearing disability in his or her final report. 

The record reflects that the Veteran underwent a VA audiological examination in August 2010 and that a September 2010 addendum indicates that a review of the claims file was completed. In an April 2011 deferred rating decision the RO/AMC noted that the case was not yet ready due to August 2010 examination report's lack of a description of the effects on occupation functioning and daily activities. The Veteran was apparently scheduled for an additional VA examination in May 2011, but failed to report. In a May 2011 statement, through his representative, the Veteran indicated that he had been unable to attend the VA examination because he had to work. He requested that the examination be rescheduled. 

Under these circumstances, and because the Veteran has previously cooperated with VA and appeared for VA examination on several other occasions, the Board believes that he should be provided with an additional opportunity to appear for the requested examination. All attempts to contact the Veteran, including any letters attempting to schedule him for a VA examination, must be documented in the claims file.

Finally, the Board cautions the Veteran concerning his own responsibility to cooperate with VA in this matter. The Court has held that "[t]he duty to assist is not always a one-way street. If a veteran wishes help, he cannot passively wait for it in those circumstances where he may or should have information that is essential in obtaining the putative evidence." Wood v. Derwinski, 1 Vet. App. 190, 193 (1991). The Veteran's responsibilities include providing VA with accurate contact information. Moreover, the Board notes that under 38 C.F.R. § 3.655 the Veteran's failure to report for a VA examination may result in denial of his increased rating claim. The Veteran should be so advised. 

Accordingly, the case is REMANDED for the following action:

1. The RO/AMC should contact the Veteran and inquire whether he has undergone any additional treatment for his bilateral hearing loss since August 2010. If the Veteran indicates that he has received any treatment or evaluations the RO/AMC should obtain those records and associate them with the claims file.

2. Thereafter, the RO/AMC should schedule the Veteran for a VA audiological examination to determine the effect of his hearing loss on his occupational functioning and daily living in accordance with VA Fast Letter No. 07-10 and Martinak. Any and all indicated evaluations, studies and tests deemed necessary by the examiner should be accomplished. The claims folder should be reviewed prior to the examination and the examiner should indicate having done so in his or her report. A clear rationale for all opinions must be included in the claims file and a discussion of the facts and physiological principles involved would be of considerable assistance to the Board. 

3. When the requested development has been completed the case should again be reviewed by the RO, to include consideration of any additional evidence submitted. The RO/AMC should adjudicate the question of whether the evidence warrants referral of the claim to the appropriate department officials under 38 C.F.R. § 3.321(b) for extraschedular consideration. If the benefit sought is not granted the Veteran and his representative should be furnished a Supplemental Statement of the Case, and be afforded a reasonable opportunity to respond before the record is returned to the Board for further review.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2010).



_________________________________________________
V. L. JORDAN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2010).