Citation Nr: 1518722 
Decision Date: 04/30/15 Archive Date: 05/05/15

DOCKET NO. 13-03 408 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia

THE ISSUES

Entitlement to service connection for posttraumatic stress disorder (PTSD).


REPRESENTATION

Veteran represented by: Georgia Department of Veterans Services


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Tracie N. Wesner, Associate Counsel



INTRODUCTION

The Veteran served on active duty from February 1980 to March 1987.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2011 rating decision from the Department of Veterans Affairs (VA) Regional Office (RO) in Atlanta, Georgia. 

The Veteran presented sworn testimony at a hearing before the undersigned in May 2013. A transcript of that hearing is of record.

The Board remanded this matter in January 2014. Upon remand, the agency of original jurisdiction (AOJ) undertook the development directed by the Board. This development resulted in the issuance of a rating decision in February 2015, which, in pertinent part, granted (1) service connection for depressive disorder, substance abuse dependency with an evaluation of 70 percent effective March 16, 2010; and (2) entitlement to individual unemployability (TDIU) effective March 16, 2010. At present, the Veteran has not filed a notice of disagreement (NOD) disagreeing with any appealable determination made in the February 2015 rating decision, including the schedular rating and effective dates assigned by the RO. Thus, those matters are not currently before the Board. See 38 C.F.R. §§ 20.200, 20.201, 20.302; Grantham v. Brown, 114 F.3d 1156 (Fed. Cir. 1997). He has until the remainder of one year from when the AOJ issued the rating decision in February 2015 to file such an appeal, if he wishes to do so. See 38 C.F.R. § 20.302(a) (2014). 


FINDING OF FACT

The Veteran's PTSD is shown as likely as not to be linked to verified in-service stressors.




CONCLUSIONS OF LAW

The criteria for entitlement to service connection for PTSD have been met. 38 U.S.C.A. §§ 1131, 5107(b) (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.304 (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran seeks service connection for PTSD. Establishing service connection for PTSD requires: (1) medical evidence diagnosing the condition in accordance with 38 C.F.R. § 4.125(a) (requiring that a diagnosis of a mental disorder conform to the Diagnostic and Statistical Manual, Fourth Edition (DSM-IV)), (2) a link, established by medical evidence, between the veteran's current symptoms and an in-service stressor; and (3) credible supporting evidence that the reported in-service stressor occurred. 38 C.F.R. § 3.304(f); see also Cohen v. Brown, 10 Vet. App. 128 (1997). 

All of these elements of service connection have been met in this case. Taking the last requirement first, the Board notes that VA was able to corroborate the occurrence of the Veteran's reported in-service stressors. See May 2014 VA Memorandum. Thus, the third element set forth above has been conceded. 

With regard to the first two elements, the Board finds that the competent and credible medical evidence of record shows that the Veteran has been diagnosed with PTSD in accordance with the applicable regulations, and that his PTSD is related to the verified in-service stressors he reported. See June 2008 VA Examination Report; see also February 2015 PTSD Disability Benefits Questionnaire (DBQ); May 2013 Medical Summary. The Veteran's VA medical records show that he has been diagnosed with and received treatment for PTSD for a number of years. Additionally, two VA examiners opined that the Veteran met the diagnostic criteria for PTSD, and that his PTSD is a result of the stressors and/or trauma he experienced in service. See June 2008 VA Examination Report; see also February 2015 PTSD DBQ. These opinions were based on each examiner's interview with or treatment of the Veteran, and a review of the relevant treatment records. See id. The Board finds the June 2008 and February 2015 VA examiners' reports highly probative as they contain clear conclusions with supporting data, and a reasoned medical explanation connecting the two. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008). The Board notes that the record contains contrary medical opinion evidence; nevertheless, the Board resolves all reasonable doubt in favor of the Veteran. Thus, the Board finds that service connection for PTSD is warranted.

As stated in the Introduction of this decision, the AOJ previously issued a rating decision in February 2015 granting service connection for depressive disorder with substance abuse dependency. This appears to have encompassed all of the psychiatric disorders with which the Veteran was diagnosed, except for PTSD (addressed above). Together with the instant determination granting service connection for PTSD, the benefit sought on appeal has been granted in full. No discussion of VA's duty to notify and assist is necessary under these circumstances. See 38 U.S.C.A. §§ 5103(b)(5)(A), 5103A(b)(3)(A) (West 2014). 


ORDER

Service connection for PTSD is granted.




____________________________________________
C. BOSELY
Acting Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs