Citation Nr: 1829617 
Decision Date: 06/28/18 Archive Date: 07/02/18

DOCKET NO. 13-12 708 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Seattle, Washington


THE ISSUES

1. Entitlement to service connection for a right hip disorder.

2. Entitlement to service connection for a left hip disorder.

3. Entitlement to service connection for a right bottom foot disorder.

4. Entitlement to service connection for a left bottom foot disorder.

5. Entitlement to service connection for hypertension.

6. Entitlement to service connection for a stomach disability.

7. Entitlement to service connection for right wrist carpal tunnel syndrome (CTS).

8. Entitlement to service connection for left wrist CTS.



REPRESENTATION

Veteran represented by: The American Legion


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

J. George, Associate Counsel


INTRODUCTION

The Veteran served on active duty from January 1966 to December 1968. 

These claims come before the Board of Veterans' Appeals (Board) on appeal from a September 2012 rating decision issued by the Regional Office (RO) of the Department of Veterans Affairs (VA). 

The Veteran appeared at a hearing before the undersigned Veterans Law Judge in September 2014.

When last on appeal, in addition to those issues listed above, the Board remanded issues of service connection for right and left shoulder, cervical spine, lumbar spine, right and left peripheral neuropathy, and right and left wrist musculoskeletal disorders for further development. In a November 2015 rating decision, the RO granted service connection for these conditions. As these grants represent a full grant of the benefit sought, these claims are no longer on appeal. Grantham v. Brown, 114 F. 3d 1156, 1158 (Fed. Cir. 1997). 

The appeal is REMANDED to the RO. VA will notify the appellant if further action is required.


REMAND

Right and Left Hip

In the prior remand, the Board noted February 2012 imaging performed during the examination revealed degenerative changes in the sacroiliac joints. The February 2012 examination report reveals that the Veteran reported pain in the left hips. At an August 2015 VA examination, the Veteran reported hip pain after prolonged walking and soreness in his pelvic area. Even without a current diagnosis, these reports of pain may constitute a current disability to the extent they result in functional impairment. Saunders v. Wilkie, 886 F.3d 1356 (Fed. Cir. 2018) (holding that pain causing functional impairment can constitute a current disability). Furthermore, a more recent March 2018 VA treatment record shows a diagnosis of osteoarthritis in the hips from March 2017 imaging.

In light of the previous findings, the Board had already found that the Veteran was describing pain caused by his sacroiliac joints when he sought service connection for a left or right hip disability, which are in the same area of the body. See Clemons v. Shinseki, 23 Vet. App. 1 (2009) (requiring VA to consider claims as affecting general parts of the body as described by the Veteran, not particular diseases).

Nonetheless, a medical opinion regarding a potential nexus between the current right and left hip disability and service has not yet been obtained. Thus, one should be obtained on remand.

Left and Right Feet

The Veteran seeks service connection for a right and left bottom foot disorders. The evidence of record contains a February 2012 VA examination report that demonstrates mild degenerative changes within the first metatarsophalangeal joints of both feet. The Veteran also described burning sensations on the bottom of each foot. The examiner, however, did not diagnose a disability of either foot and did not provide a cogent rationale for his decision. 

Another opinion was obtained in July 2016. The examiner noted the diagnosis of hallux valgus and found it less likely than not related to service. The examiner explained the physiological mechanism for hallux valgus and stated that the diagnosis for this condition was in August 2015. However, the Board notes that a February 2012 record shows treatment for mild degenerative changes within the first metatarsophalangeal joints of both feet were noted. The examiner did not address these findings. As a result, an addendum opinion is needed.

The Board notes that service connection for peripheral neuropathy of both extremities was granted in the November 2015 rating decision that contemplated the Veteran's right and left foot tingling claims. Thus, that aspect of the foot claims is no longer part of the appeal.

Hypertension

The Veteran has a current diagnosis of hypertension that he contends is related to service, specifically to his exposure to Agent Orange and other tactical herbicide agents or, in the alternative, was caused or aggravated by his service-connected PTSD.

In August 2015, the examiner noted that hypertension is also one of the presumptive diagnoses for those exposed to Agent Orange. As a matter of law, this is incorrect. 38 C.F.R. § 3.309(e). However, consideration for direct service connection on a non-presumptive basis is still available. See Combee v. Brown, 34 F.3d 1039 (Fed. Cir. 1994).

In July 2016, an addendum medical opinion regarding the Veteran's hypertension was obtained. The examiner noted an October 2008 article from WebMD stating that infers an association between tactical herbicides and hypertension, but that there was only limited or suggestive scientific evidence as to this. Further, the Veteran's health records, at least at times, note benign essential hypertension, which is a high blood pressure condition of mild to moderate hypertension for which there is no discernible cause.

The Board finds that another VA opinion should be obtained for the hypertension claim, including as to whether the Veteran's hypertension was caused or aggravated by his service-connected PTSD.

Stomach

In March 2012 correspondence to VA, the Veteran noted stronger than normal stomach pains. In April 2013 and October 2016 correspondence, the Veteran stated that he has had stomach problems since service.

In August 2015, the Veteran was afforded a VA examination with a diagnosis of gastroesophageal reflux disease (GERD). Onset was noted in September 2012. 

In July 2016, the examiner opined as to the etiology of the Veteran's GERD. Regarding an association with herbicides, she stated that none was found in the literature and listed several other factors that contribute to GERD, even in light of the lay statements of record.

Although this opinion was obtained that addressed direct service connection, an opinion is still needed as to whether the Veteran's GERD was caused or aggravated by PTSD.

Right and Left CTS

A new medical opinion is needed in light of this additional information added to the file by VA. The Board recognizes that there may be no formal diagnosis of CTS. However, the Veteran has reported neurological symptoms in his upper extremities. Recent VA treatment records are instructive. For instance, a May 2017 record indicates wrist, finger and thumb pain worse all day, and a December 2017 VA treatment record indicates numbness also seems to be getting worse.

Another opinion should be obtained that also addresses whether the any neurologic wrist disorders, including CTS, are caused or aggravated by the now service-connected cervical spine disability.

Accordingly, the case is REMANDED for the following actions:

1. Obtain new medical opinions regarding the Veteran's claimed conditions. Schedule an examination if deemed necessary by the examiner to answer the questions. Specifically, after a review of the entire claims file, the examiner should opine as to whether:

(A) Is it at least as likely as not that the Veteran's right and/or left hip disorder, including arthritis, had its onset during service, within one year of service, or is otherwise related to service? 

(B) Is it at least as likely as not that the Veteran's right and/or left foot disorder, including arthritis or hallux valgus, had its onset during service, within one year of service, or is otherwise related to service?

(C) Is it at least as likely as not that the Veteran's hypertension was caused or aggravated by his service-connected PTSD?

(D) Is it at least as likely as not that the Veteran's stomach disorder, including GERD, is caused or aggravated by his service-connected PTSD?

(E) Is it at least as likely as not the Veteran's right and/or left neurologic wrist disorder, including CTS, had its onset during service, within one year of service, or is otherwise related to service?

(F) Is it at least as likely as not that the Veteran's right and/or left neurologic wrist disorder, including CTS, is caused or aggravated by his service-connected cervical spine degenerative arthritis?

A complete rationale or explanation should be provided for any opinion reached.

2. Finally, readjudicate the appeal. If any of the benefits sought remain denied, issue a supplemental statement of the case and return the case to the Board.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112.



_________________________________________________
RYAN T. KESSEL
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252, only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b).