NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MELVIN C. HINTON,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-1532

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-4477, Judge Amanda L. Meredith.

---

Decided: August 3, 2020

---

MELVIN C. HINTON, Lancaster, TX, pro se.

KELLY A. KRYSTYNIAK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by ETHAN P. DAVIS, TARA K. HOGAN, ROBERT EDWARD KIRSCHMAN, JR.; CHRISTOPHER O. ADELOYE, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before NEWMAN, O'MALLEY, and CHEN, *Circuit Judges*.

PER CURIAM.

Pro se appellant Melvin C. Hinton appeals a decision of the United States Court of Appeals for Veterans Claims (Veterans Court) denying certain claims for disability compensation and declining to review the disability rating for his psychiatric disorder. *Hinton v. Wilkie*, No. 18-4477, 2019 WL 4584260 (Vet. App. Sept. 23, 2019). The Veterans Court determined that Mr. Hinton never properly initiated an appeal of his disability rating because he had failed to submit the standardized form required by the applicable regulations. Because we have previously upheld the validity of those regulations, the Veterans Court did not err in declining to review Mr. Hinton's disability rating. We *affirm-in-part* the Veterans Court's decision and *dismiss-in-part* the appeal.

## BACKGROUND

Mr. Hinton is a Veteran of the Persian Gulf War. In September 2012, he submitted various claims to the Department of Veterans Affairs (VA) for service-connected disability benefits, including claims for PTSD, sleep disorder, and memory loss. During a VA psychiatric exam in July 2013, Mr. Hinton reported his sleeping problems, but the medical examiner concluded that his condition did not meet the diagnostic criteria for a psychiatric condition. S.A. 2. [1] The VA Regional Office (RO) denied all of Mr. Hinton's claims in a rating decision issued in August 2013. Later that month, Mr. Hinton timely filed a Notice of

———————————

[1] S.A. refers to the supplemental appendix submitted with the Government's brief.

Disagreement (NOD) appealing, *inter alia*, the PTSD, sleep disorder, and memory loss denials.

In November 2015, while his Board appeal was pending, Mr. Hinton underwent another psychiatric examination where a VA medical examiner diagnosed him with "other specified trauma- and stressor-related disorder" but found that he did not meet the criteria for PTSD. S.A. 3. The examination also indicated that Mr. Hinton did not suffer from memory issues and his sleep disturbances were a symptom of, and not independent from, his psychiatric disorder.

In light of this additional examination, the RO issued a new rating decision in September 2017, granting service connection for "other specified trauma[-] and stressor[-]related disorder (claimed as [PTSD])" and assigning a 30% disability rating. S.A. 3. The RO stated in its September 2017 decision that the 30% rating was "considered a full grant of the benefit sought on appeal" for the PTSD claim and did not address the memory loss and sleep disorder claims. R. 94.[2] An accompanying letter notified Mr. Hinton that if he disagreed with the rating decision, he "must complete and return . . . the enclosed VA Form 21-0958, *Notice of Disagreement*, in order to initiate [his] appeal. . . . [within] *one year from the date of this letter*." R. 90 (emphasis in original). Mr. Hinton did not submit a completed VA Form 21-0958 for the September 2017 rating decision.

Subsequently, the RO issued a Supplemental Statement of the Case (SSOC)[3] describing the issues still

---

[2] R. refers to the record before the Veterans Court. Record of Proceedings Amended, *Hinton v. Wilkie*, No. 18-4477, 2019 WL 4584260 (Vet. App. Sept. 23, 2019).

[3] Though unclear from the record before us, the SSOC does not appear to discuss the 30% disability rating from

pending for appeal before the Board of Veteran's Appeals (Board). R. 3. In November 2017, Mr. Hinton responded to the SSOC by filing a completed VA Form 9[4] that expressed his dissatisfaction with the September 2017 rating decision. *Id.*

In April 2018, the Board adjudicated the appeal of the claim denials for sleep disturbances and memory loss. The Board agreed with the RO, finding that the "claimed disabilities are actually symptoms of [Mr. Hinton's] [] service-connected acquired psychiatric disorder" for which he was already being compensated. R. 9. Since these were not distinctly diagnosed conditions with symptomatology separate and apart from his service-connected psychiatric disorder, the Board concluded it was precluded from granting those claims by the prohibition against pyramiding under 38 C.FR. § 4.14. R. 10–11.

The Board declined to review the September 2017 rating decision because Mr. Hinton had not properly initiated an appeal of this issue under the applicable regulations. While acknowledging that Mr. Hinton had expressed his dissatisfaction using VA Form 9, the Board observed that the regulations governing appeals had been amended in 2015 to require all appeals to originate on a standard form

---

the September 2017 decision, instead only addressing denials for Mr. Hinton's remaining claims (e.g., memory loss and sleep disturbances). R. 3.

[4] VA Form 9 is used to sustain an appeal of the issues discussed in a SOC or SSOC and request a hearing before the Board. This form is used after an appeal for those issues has been initiated by filing a NOD. *See, e.g.*, U.S. Department of Veterans Affairs, *Manage a Legacy VA Appeal*, https://www.va.gov/decision-reviews/legacy-appeals/ (last updated Jun. 22, 2020).

provided by the VA.[5]   The Board concluded that the amended regulations required Mr. Hinton to appeal his 30% disability rating using the prescribed VA Form 21-0958, and no other form would be acceptable.  *See* R. 4 ("[T]o the extent that [Mr. Hinton] submitted a VA Form 9 that disagrees with the rating assigned for that disability, it cannot be accepted as a proper appeal of that issue."); *see also* 38 C.F.R. § 20.201(a)(1) (2015) ("[The] VA will not accept as a [NOD] an expression of dissatisfaction . . . that is submitted in any other format, including a different VA form.").  The Board advised Mr. Hinton that he could still timely appeal the September 2017 rating decision by "submitting a completed VA Form 21-0958 prior to October 12, 2018." R. 4.  Mr. Hinton moved for reconsideration of the Board's decision, which the Chairman of the Board denied on August 1, 2018.  The Chairman reiterated that Mr. Hinton must submit a completed VA Form 21-0958 prior to October 2018 to properly appeal the September 2017 rating decision.

Before the Veterans Court, Mr. Hinton argued that the Board erred by declining to grant him a higher disability rating for his other specified trauma- and stressor-related disorder.  Mr. Hinton did not challenge the denial of separate service connections for his sleep disorder and memory loss claims—instead, he argued that the claimed conditions were symptoms of his service-connected psychiatric disorder, and his symptomology supported a disability rating

---

[5] Prior to 2015, the VA permitted claimants to initiate appeals "by filing in *any format* a statement that can be 'reasonably construed' as seeking appellate review." *Standard Claims and Appeals Forms*, 79 Fed. Reg. 57,660 (Sept. 25, 2014).  However, effective March 24, 2015, the regulations governing appeals were amended to require all appeals to originate on standard forms prescribed by the VA.  *Id.* at 57,691; *see also* 38 C.F.R. § 20.201(a)(1) (2015).

greater than 30%.  Because Mr. Hinton "acknowledge[d] . . . that he did not file an appropriate NOD" to the September 2017 decision and "[did] not argue or point to any evidence reflecting that he properly appealed" that decision, the Veterans Court declined to review the correctness of the 30% rating, which was never properly before the Board.  S.A. 5–6.  The Veterans Court affirmed the Board's decision and dismissed his appeal of the Chairman's denial for reconsideration.

Mr. Hinton timely appeals, seeking to invoke our jurisdiction under 38 U.S.C. § 7292.

## DISCUSSION

Our jurisdiction to review decisions by the Veterans Court is limited by statute.  *Scott v. Wilkie*, 920 F.3d 1375, 1377–78 (Fed. Cir. 2019).  We may review "the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision."  38 U.S.C. § 7292(a).  We may not, however, review factual challenges or the application of law to the facts of a particular case absent a constitutional issue.  *Id.* § 7292(d)(2).

### I.    September 2017 Rating Decision

On appeal, Mr. Hinton argues that the Veterans Court erroneously declined to consider whether he is entitled to a disability rating higher than the 30% rating granted in the September 2017 RO decision.  Mr. Hinton does not deny that he failed to submit a NOD to that decision on VA Form 21-0958 within the one-year time limit.  Instead, we broadly construe Mr. Hinton's pleadings to present two arguments for why he properly appealed the 30% rating.  First, we read Mr. Hinton's appeal as asserting that his properly filed NOD to the August 2013 decision, which appealed the denial of service connection for his PTSD claim, should be construed to have also initiated appellate review

of the 30% rating granted in the September 2017 decision. Alternatively, Mr. Hinton appears to argue that his November 2017 VA Form 9 should be construed as a proper NOD to the 30% rating because it is a written communication expressing dissatisfaction with the September 2017 decision. We find neither argument persuasive.

First, we conclude that Mr. Hinton's NOD appealing the denial of service connection for his PTSD claim cannot also initiate appellate review of the 30% rating assigned to his service-connected psychiatric disorder. A veteran's overall claim for benefits comprises multiple separate elements, and the agency's "first decision regarding a claim for benefits might not resolve, or even address, all necessary elements of the application for benefits." *See Grantham v. Brown*, 114 F.3d 1156, 1158 (Fed. Cir. 1997). In *Grantham*, we held that a NOD appealing "the logically upstream element of service-connectedness" from an initial RO decision "[cannot] concern the logically down-stream element of compensation level," which was addressed, for the first time, in a subsequent RO decision. *Id.* at 1158–59. Here, with respect to Mr. Hinton's PTSD claim, the August 2013 NOD appealed only the denial of service connection for that claim. On the NOD form, under "Area of Disagreement," Mr. Hinton checked only the box labeled "Service Connection." R. 655–56. That form also included a box for appealing "Evaluation of Disability" and a space for indicating the "Percentage (%) Evaluation Sought," which Mr. Hinton did not fill out. *Id.* Thus, the appeal initiated by the August 2013 NOD concerned only the issue of service-connectedness for a claimed psychiatric disorder and not the "logically down-stream" issue of rating level, which the RO ruled on, for the first time, in the September 2017 decision. We therefore conclude that the August 2013 NOD did not initiate appellate review of the 30% rating granted in the September 2017 decision.

We also conclude that the November 2017 VA Form 9 did not constitute a proper NOD for initiating and

preserving an appeal.  Since March 24, 2015, the VA's regulations have required all appeals to originate on a standard form provided with the rating decision—in this case, VA Form 21-0958.  38 C.F.R. § 20.201(a)(1) (2015).[6]  The VA "will *not* accept as a [NOD] an expression of dissatisfaction or disagreement with an adjudicative determination by the agency . . . and a desire to contest the result that is submitted in any other format, *including on a different VA form*." *Id*. (emphasis added).

To the extent Mr. Hinton challenges the validity of the standard form requirement, we note that the amended regulations were upheld, over rulemaking challenge, in *Veterans Justice Group, LLC v. Sec'y of Veterans Affairs*, 818 F.3d 1336 (Fed. Cir. 2016).  There, we held that the VA neither exceeded its authority nor acted arbitrarily by requiring NODs to be completed on standard forms—a requirement we found to be rationally related to the efficient adjudication of veterans' appeals.  *Id*. at 1352–54.

As with appeals, the amended regulations also require new claims to be initiated on standard forms.  *See id*. at 1342–43 (explaining that the prior "informal claim" framework was replaced by the "intent to file a claim" framework, which requires a claimant to perfect a new claim by filing a "standard application form" within one year), 1350–52 (upholding the validity of the "intent to file a claim" framework); *see also* 38 C.F.R. § 3.155(b).  Recently, we have denied benefits under the "intent to file a claim" framework for failure to timely file a formal claim using the standard application form.  *See Merritt v. Wilkie*, No. 2019-1095, 2020 WL 4032812, at *5 (Fed. Cir. July 17, 2020) (dismissing appeal as moot because claimant "did not preserve her claim for accrued benefits by filing a formal claim within [the relevant time limit]").  Likewise, here, the amended regulations require us to conclude that an appeal

---

[6] Now codified at 38 C.F.R. § 20.202(d).

has not been properly initiated absent timely filing of the prescribed standard form.

The amended regulations were in force during the one-year period for initiating appeal of the September 2017 rating decision. That rating decision enclosed a copy of VA Form 21-0958 and expressly instructed Mr. Hinton that he "must complete and return to [the VA] the enclosed VA Form 21-0958 . . . in order to initiate [his] appeal" within one year. R. 90. In addition, Mr. Hinton was advised by both the Board and the Chairman of the Board, prior to the expiration of that one-year deadline, that he must submit VA Form 21-0958 to properly initiate an appeal of the 30% disability rating. Yet Mr. Hinton did not do so. Given the absence of a timely filed VA Form 21-0958, we affirm the Veterans Court's decision not to review the September 2017 rating decision because that decision was never properly appealed to the Board.

## II. November 2015 Medical Examination

Mr. Hinton also challenges the sufficiency of the November 2015 medical examination diagnosing him with other specified trauma- and stressor-related disorder. Specifically, Mr. Hinton argues that the November 2015 examination is inadequate because it "does not contain sufficient detail" and conflicts with an October 2014 mental health progress report diagnosing him with PTSD. *See* Appellant's Reply Br. 7; Appellant's Br. 4. The sufficiency of a medical opinion is a question of fact beyond our jurisdiction. *See Prinkey v. Shinseki*, 735 F.3d 1375, 1383 (Fed. Cir. 2013). Because we lack jurisdiction over this part of Mr. Hinton's appeal, we are compelled to dismiss it.

To the extent Mr. Hinton argues that the Board inappropriately credited or weighed evidence from the various medical examinations of record, those are likewise factual issues over which this court lacks jurisdiction. *King v. Shinseki*, 700 F.3d 1339, 1346 (Fed. Cir. 2012) ("The evaluation and weighing of evidence and the drawing of

appropriate inferences from it are factual determinations committed to the discretion of the fact-finder.") (internal quotations and citation omitted).  Accordingly, we dismiss Mr. Hinton's appeal regarding those issues.

## CONCLUSION

We have considered Mr. Hinton's remaining arguments but find them to be unpersuasive or beyond our jurisdiction to review.  For the reasons above, we *affirm in part* the Veterans Court's decision and *dismiss in part* the appeal.

**AFFIRMED-IN-PART AND DISMISSED-IN-PART**

## COSTS

No costs.