﻿Citation Nr: AXXXXXXXX
Decision Date: 02/26/21 Archive Date: 02/26/21

DOCKET NO. 200206-61258
DATE: February 26, 2021

ORDER

Entitlement to service connection for prostate cancer is dismissed.

FINDING OF FACT

In a December 2019 rating decision, the agency of original jurisdiction (AOJ) granted service connection for prostate cancer associated with herbicide exposure; the issue of entitlement to service connection is not in dispute. 

CONCLUSION OF LAW

The criteria for dismissal of entitlement to service connection for prostate cancer have been met. 38 U.S.C. § 7105; 38 C.F.R. § 20.205.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active duty service in the United States Air Force from February 1966 to December 1969.

In February 2020, the Veteran submitted a VA Form 10182, Decision Review Request: Board Appeal, and elected the Direct Review docket. 

Entitlement to service connection for prostate cancer

The Board may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C. § 7105. 

In September 2019, the Veteran filed a claim for entitlement to service connection for multiple disabilities, to include prostate cancer. In a December 2019 rating decision, the AOJ granted entitlement to service connection for prostate cancer associated with herbicide exposure with a 20 percent evaluation effective October 30, 2018. The Veteran was sent a notification letter dated December 19, 2019 along with the rating decision informing him of the AOJ’s decision. 

Nevertheless, the Veteran filed a VA Form 10182, Decision Review Request: Board Appeal in January 2020 listing the issue of prostate cancer and indicating “TBD” or “to be determined” as the date of decision. As clarification, he submitted a January 2020 letter contending that the issue of service connection for prostate cancer had not been addressed.

The Board finds that the issue on appeal, service connection for a prostate cancer, was granted in full in the December 2019 rating decision. There remains no specific error of fact or law on appeal for the Board to adjudicate. Grantham v. Brown, 114 F.3d 1156, 1158 (Fed. Cir. 1997) (holding that a separate notice of disagreement must be filed to initiate appellate review of downstream elements such as the disability rating or effective date assigned). 

 

Thus, there is no issue to resolve and the Board lacks jurisdiction of this issue. In the absence of any justiciable question ripe for review, the appeal as to this claim must be dismissed. Accordingly, the Board finds that the criteria to dismiss the appeal are met. 38 U.S.C. § 7105. 

 

MICHAEL D. LYON

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board L. Sneeringer, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.