# United States Court of Appeals for the Federal Circuit

---

**ROBERT E. LANGDON,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-1789

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-0520, Judge Michael P. Allen, Judge Joseph L. Toth, Judge Coral Wong Pietsch.

---

Decided: June 9, 2021

---

CHARLES COLLINS-CHASE, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Washington, DC, argued for claimant-appellant. Also represented by KAYVON GHAYOUMI, JEANETTE ROORDA.

MOLLIE LENORE FINNAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by JEFFREY B. CLARK, ROBERT EDWARD KIRSCHMAN, JR., LOREN MISHA PREHEIM; MEGHAN ALPHONSO, BRIAN D. GRIFFIN, Office of General Counsel,

United States Department of Veterans Affairs, Washington, DC.

———————————

Before MOORE, *Chief Judge**, PROST*** and CHEN, *Circuit Judges*.

MOORE, *Chief Judge*.

Robert E. Langdon appeals a final decision of the United States Court of Appeals for Veterans Claims that denied him a higher rating for his service-connected thoracic spine disability. *See* J.A. 1–12. Because that holding was based on a misinterpretation of the controlling regulations, we reverse.

I

Mr. Langdon served on active duty in the United States Navy from 1980 until 1996. After leaving service, Mr. Langdon sought disability compensation for a "spine condition especially [the] thorac[ic] [and] lumbar regions." J.A. 429. After various proceedings, the Department of Veterans Affairs (VA) determined Mr. Langdon had a service-connected thoracic spine injury, a non-service-connected lumbar spine injury, and only fifty-five degrees of forward flexion for his thoracolumbar spine.[1] It also determined that Mr. Langdon's service-connected thoracic spine injury caused no functional impairment. Instead, it was Mr. Langdon's non-service-connected lumbar spine injury that caused his reduced flexion. Because his service-connected injury caused no functional impairment, the VA

———————————

*    Chief Judge Kimberly A. Moore assumed the position of Chief Judge on May 22, 2021.

**    Circuit Judge Sharon Prost vacated the position of Chief Judge on May 21, 2021.

[1]    Collectively, the thoracic and lumbar spine segments make up the thoracolumbar spine.

assigned Mr. Langdon a zero percent disability rating under 38 C.F.R. § 4.71a.

Mr. Langdon appealed the VA's determination to the Board of Veterans' Appeals, only challenging the zero percent rating for his thoracic spine injury. He claimed entitlement to a twenty percent rating based on his limited thoracolumbar flexion. The Board disagreed, but increased Mr. Langdon's rating to ten percent based on upper back pain under a different regulation. *See* 38 C.F.R. §§ 4.45(f), 4.59. Mr. Langdon then appealed to the Veterans Court, again arguing he was entitled to a twenty percent rating. The Veterans Court affirmed the Board's decision. Mr. Langdon appeals. We have jurisdiction under 38 U.S.C. § 7292.

## II

Title 38 entitles veterans to benefits, including compensation for disabilities resulting from personal injuries suffered during active service. 38 U.S.C. §§ 1110, 1131. For each service-connected disability claim, the VA must determine whether the veteran suffers from a qualifying disability. If so, the VA must rate that disability, i.e., determine how much a veteran's disability impairs his earning capacity. *See id.* § 1155. To make that determination, the VA is required to "adopt and apply a schedule of ratings." *Id.*

The VA's rating schedule for the musculoskeletal system is found in 38 C.F.R. § 4.71a. That regulation is subdivided into several tables, each of which addresses a number of diagnostic codes (DCs). Those codes are "arbitrary numbers" that "show[] the basis of the evaluation assigned" to a veteran's disability. *Id.* § 4.27. Diagnostic Code 5237, which corresponds to Mr. Langdon's injury, denotes a lumbosacral or cervical spine strain. One table in § 4.71a provides the General Rating Formula for spine disabilities, including for DC 5237:

| GENERAL RATING FORMULA FOR DISEASES AND INJURIES OF THE SPINE | RATING |
|---|---|
| With or without symptoms such as pain (whether or not it radiates), stiffness, or aching in the area of the spine affected by residuals of injury or disease | |
| Unfavorable ankylosis of the entire spine | 100 |
| Unfavorable ankylosis of the entire thoracolumbar spine | 50 |
| Unfavorable ankylosis of the entire cervical spine; or, forward flexion of the thoracolumbar spine 30 degrees or less; or, favorable ankylosis of the entire thoracolumbar spine | 40 |
| Forward flexion of the cervical spine 15 degrees or less; or, favorable ankylosis of the entire cervical spine | 30 |
| Forward flexion of the thoracolumbar spine greater than 30 degrees but not greater than 60 degrees; or, forward flexion of the cervical spine greater than 15 degrees but not greater than 30 degrees; or, the combined range of motion of the thoracolumbar spine not greater than 120 degrees; or, the combined range of motion of the cervical spine not greater than 170 degrees; or, muscle spasm or guarding severe enough to result in an abnormal gait or abnormal spinal contour such as scoliosis, reversed lordosis, or abnormal kyphosis | 20 |

| | |
|---|---|
| Forward flexion of the thoracolumbar spine greater than 60 degrees but not greater than 85 degrees; or, forward flexion of the cervical spine greater than 30 degrees but not greater than 40 degrees; or, combined range of motion of the thoracolumbar spine greater than 120 degrees but not greater than 235 degrees; or, combined range of motion of the cervical spine greater than 170 degrees but not greater than 335 degrees; or, muscle spasm, guarding, or localized tenderness not resulting in abnormal gait or abnormal spinal contour; or, vertebral body fracture with loss of 50 percent or more of the height | 10 |

38 C.F.R. § 4.71a (reformatted). Several notes accompany the General Rating Formula, which explain its sundry parts. Note (2) explains that the "[n]ormal forward flexion of the thoracolumbar spine is zero to 90 degrees"; Note (5) describes unfavorable ankylosis, including with reference to the "entire thoracolumbar spine"; and Note (6) explains how the cervical and thoracolumbar spines are generally rated separately. Additionally, Plate V in § 4.71a depicts motion of the thoracolumbar spine:



III

This appeal requires us to determine if the VA's own regulation requires it to treat the thoracolumbar spine as a unit when applying the General Rating Formula. The Veterans Court held the General Rating Formula "calls for the thoracic and lumbar spine *generally* to be rated as a unit. But it does not *mandate* that they be rated together." J.A. 8 (emphasis in original). It interpreted the General Rating Formula to "provide[] for such unitary treatment only when both segments of the spine are injured as a result of military service . . . or when it is not possible to separate the functional limitations of an injury and assign them to each part of the spine and one part is service connected." J.A. 8–9. We reject that interpretation and hold the plain language of the regulation requires that the VA treat the thoracolumbar spine as a unit when applying the General Rating Formula.

By its terms, the General Rating Formula does not allow the VA to distinguish between the thoracic and lumbar spine segments. It uses the phrase "thoracolumbar spine,"

not the words thoracic or lumbar.  Not once does the General Rating Formula separate out the segments of the thoracolumbar spine.  Likewise, the Notes accompanying the General Rating Formula repeatedly use the word thoracolumbar, but do not refer to the thoracic and lumbar spine segments separately.  Additionally, the diagrams in Plate V depict thoracolumbar flexion as the movement of the entire thoracolumbar spine.  The plain language of the General Rating Formula, thus, treats the thoracic and lumbar spine segments as a unit.  We cannot rewrite that text to include criteria absent from its face.  *Cf. Bates v. United States*, 522 U.S. 23, 29 (1997) ("[W]e ordinarily resist reading words or elements into a statute that do not appear on its face.").

In fact, the General Rating Formula was amended in 2003 to eliminate separate criteria for the thoracic and lumbar spine segments.  *See* Schedule for Rating Disabilities; The Spine, 68 Fed. Reg. 51,454 (Aug. 27, 2003) (Final Rule).  Before then, the VA was required to consider separate diagnostic characteristics for the thoracic and lumbar spine segments.  *See* 38 C.F.R. § 4.71a (2002).  For example, the VA had to evaluate range of motion for each spine segment:

5291 Spine, limitation of motion of, dorsal[2]:

Severe…………………………….…10[%]

Moderate…..……………………....10[%]

Slight…..…………………………...0[%]

5292 Spine, limitation of motion of, lumbar:

Severe……………………………....40[%]

Moderate……..…………………....20[%]

---

[2]    The words dorsal and thoracic are interchangeable.

Slight………………………………….10[%]

*Id.* (reformatted excerpt from ratings table for "The Spine"). That task proved difficult, however, so the VA proposed "that the general rating formula provide criteria for the cervical and thoracolumbar spinal segments only." Schedule for Rating Disabilities; The Spine, 67 Fed. Reg. 56,509, 56,512 (Sept. 4, 2002) (Proposed Rule). It reasoned that, "[b]ecause the thoracic and lumbar segments ordinarily move as a unit, it is clinically difficult to separate the range of movement of one from that of the other." *Id.* Consistent with this, the VA adopted § 4.71a to require consideration of the thoracolumbar spine as a whole.

The 2003 amendment also shows the VA knew how to promulgate regulations that parse out diagnostic criteria by individual segments of the spine. Before 2003, the General Rating Formula distinguished between the cervical, thoracic, and lumbar spine segments. After 2003, that same formula distinguished only between the thoracolumbar spine and the cervical spine. Despite knowing how to separate out spine segments, the VA consciously chose to treat the segments that comprise the thoracolumbar spine as a unit. That is "powerful evidence" the VA did not intend its regulations to allow for separate evaluation of the thoracic and lumbar spine segments. *Cf. Nat'l Org. of Veterans' Advocs., Inc. v. Sec'y of Veterans Affs.*, 981 F.3d 1360, 1385 (Fed. Cir. 2020) (en banc) (explaining silence, despite Congress' knowledge of the relevant issue, was "powerful evidence" of statutory meaning).

Contrary to the government's argument, our interpretation of the plain regulatory language does not allow veterans to receive compensation for non-service-connected disabilities. That is, the VA suggests, under the interpretation we adopt today, Mr. Langdon will improperly receive compensation for his whole thoracolumbar spine (including his non-service-connected lumbar spine injury) despite having only a service-connected injury to the thoracic

spine.  But we agree with Mr. Langdon that this argument rests on the incorrect premise that he lacks the injury for which he will receive compensation—a service-connected thoracolumbar spine injury.  For the General Rating Formula to apply, a veteran must first show that he has a service-connected disability.  *Cf. Grantham v. Brown*, 114 F.3d 1156, 1158–59 (Fed. Cir. 1997) (noting service-connectedness is "logically up-stream" from compensation level).  Only then does the General Rating Formula set the veteran's rating level for that service-connected injury. The VA made the choice in its regulation to treat the thoracolumbar spine as a unit for rating purposes "[b]ecause the thoracic and lumbar segments ordinarily move as a unit," making it "clinically difficult to separate the range of movement of one from that of the other."  Proposed Rule, 67 Fed. Reg. at 56,512.  The VA is entitled to make such a choice to aid in properly assessing and rating injuries.  We will not rewrite the plain regulatory language because the VA would like to abandon its bright-line rule in this case.

## IV

For all these reasons, we hold the VA's regulation requires it to rate the thoracolumbar spine as a unit when applying the General Rating Formula.  Under this interpretation, the VA does not dispute that Mr. Langdon has a service-connected thoracic injury with reduced thoracolumbar flexion (fifty-five degrees) that entitles him to a twenty percent disability rating under the General Rating Formula.  We therefore hold that a remand is unnecessary. Accordingly, we reverse.

**REVERSED**

COSTS

Costs to Mr. Langdon.