Citation Nr: 21049992
Decision Date: 08/13/21 Archive Date: 08/13/21

DOCKET NO. 09-41 320
DATE: August 13, 2021

REMANDED

Entitlement to service connection for posttraumatic stress disorder (PTSD) is remanded.

 

REASONS FOR REMAND

The Veteran served on active duty from March 1980 to March 1984, and from February 2004 to September 2006. He also served in the National Guard. 

These matters come before the Board of Veterans' Appeals (Board) on appeal of an August 2009 rating decision by a Department of Veterans Affairs (VA) Regional Office (RO). 

In May 2013, the Veteran testified during a video conference hearing before a Veterans Law Judge (VLJ). A transcript of the hearing is associated with the claims file. In April 2021, the Board sent a letter to the Veteran, which explained that the VLJ who presided over his hearing was no longer available to participate in the appeal and offered the Veteran a hearing before a different VLJ; otherwise, the case would be reassigned. The letter specified that the Veteran had 30 days from the date of the letter to respond or the Board would assume that the Veteran did not want another hearing. The Veteran did not submit any correspondence regarding this matter; thus, it is assumed that the Veteran does not want a hearing before a different VLJ.

Previously on appeal, in March 2016, the Board remanded a claim of entitlement to service connection for residuals of incisional hernia surgery to include rectus diastasis for additional development. An April 2018 rating decision granted entitlement to service connection for rectus diastasis. Additionally, in April 2020, the Board remanded the claim for entitlement to service connection for an acquired psychiatric disorder, other than PTSD. An August 2020 rating decision granted entitlement to service connection for an acquired psychiatric disorder (other than PTSD) to include major depressive disorder and generalized anxiety disorder. As this represents a total grant of the benefits sought on appeal with respect to these issues, they are no longer before the Board. See Grantham v. Brown, 114 F. 3d 1156, 1159 (Fed. Cir. 1997).

This case was previously remanded by the Board in August 2013 and March 2016. 

In the April 2020 Board decision, the Board denied entitlement to service connection for PTSD. The Veteran appealed the Board's decision to the United States Court of Appeals for Veterans Claims (CAVC or the Court). In March 2021 the Veteran and the Board filed a Joint Motion for Partial Remand (JMPR), vacating the Board's decision, in part, and remanding the Veteran's claim for service connection for PTSD. 

Entitlement to service connection for PTSD is remanded.

The Veteran contends that he has PTSD directly related to his active service. Specifically, the Veteran reported that he has PTSD that is related to three separate The Veteran has specifically referenced a June 1983 suicide at Little Rock Arkansas; a May 2004 suicide at MacDill Air Force Base in Tampa, Florida while the Veteran was assigned to the 6th Security Forces Squadron; and an April 2006 incident where an intruder at Selfridge Air Force Base in Michigan was shot while the Veteran was assigned to the 127th security force. in-service stressors.

Service connection for PTSD generally requires medical evidence diagnosing the condition in accordance with 38 C.F.R. § 4.125 (a); a link, established by medical evidence, between current symptoms and an in-service stressor; and credible supporting evidence that the in-service stressor occurred. 38 C.F.R. § 3.304 (f).

In August 2013 and March 2016, the Board remanded the claim to the RO in order to attempt to verify the Veteran's claimed in-service stressors. Specifically, the Board directed that the RO send a request to the National Personnel Records Center (NPRC) and any other appropriate source to determine if there was any documents that relate to whether the Veteran may have been involved in suicide investigations or the shooting of an intruder at the base he was stationed. The Board remand further listed the dates and locations of the alleged stressors. 

However, as noted in the April 2021 JMPR, the parties found, in part, that the Board failed its duty to assist the Veteran in the development of his case and substantially comply with a prior remand order. 

As discussed in the JMPR, the Veteran reported that while stationed at March Air Force Base in 1983, he saw his friend laying in a hotel room dead on the ground. This is one of his reported stressors. While in March 2018 VA requested records in an attempt to verify this claimed stressor event, the parties found that its request was flawed. Notably, VA requested information from the Veteran's service department in Little Rock, Arkansas, not from March Air Force Base, as reported. Additionally, the Veteran reported that between March 2006 and April 2006, he was stationed at Selfridge Air Force Base and witnessed two incidents about 30 to 45 days apart, one shooting resulting in the death of an intruder. In 2017, VA submitted several requests for information, but all requests were flawed. Specifically, VA requested information for "an April 2006 incident" but failed to request information but failed to request information from March 2006 as the Veteran reported. 

Finally, in the April 2021 JMPR, the parties found that the Board erred in failing to substantially comply with its prior remand order. In August 2013, the Board remanded the claim and instructed the RO to request records from appropriate sources for the period from February 2004 to May 2006, including "unit roster lists, daily duty status reports, investigative reports, time order, call sheets, run sheets, dispatch logs" and other documents that related to whether the Veteran may have been involved in a suicide investigation while assigned to the MacDill Air Force Base or a shooting of an intruder at Selfridge Air Force Base, while assigned to augment Air Force Security forces." The March 2016 stressor verification request for records includes only the periods "May 2004/April 2006." 

Accordingly, a remand is warranted for the Board to ensure that VA makes reasonable efforts in assisting the Veteran in verifying his claimed PTSD stressors, to include requests with the correct information and complete time periods, and for the Board to ensure substantial compliance with its prior remand order in requesting the records. See 38 U.S.C. § 5103A (b)(1); See Stegall v. West, 11 Vet. App. 268 (1998).

The matters are REMANDED for the following action:

1. Request from the National Personnel Records Center (NPRC) and any other appropriate records custodian, all available unit roster lists, daily duty status reports, investigative reports, time orders, call sheets, run sheets, dispatch logs, or other documents that relate to (a) whether the Veteran may have found a friend dead in a hotel room at March Air Force Base in 1983, (b) whether the Veteran may have been involved in a suicide investigation while assigned to the MacDill Air Force Base, and (c) whether the Veteran has been involved in suicide investigations or the shooting of an intruder at Selfridge Air Force Base during the period from February 2004 to May 2006. 

2. Separately, request all available information from March Air Force Base regarding the Veteran's report that he found a friend lying dead in a hotel room in 1983. 

3. Associate with the claims file each request and response. If the requested records do not exist or further efforts to obtain the records would be futile, notify the Veteran in accordance with 38 C.F.R. § 3.159 (e). 

 

 

Corey Bosely

Acting Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Laroche, N.

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.