Citation Nr: 21049994
Decision Date: 08/13/21 Archive Date: 08/13/21

DOCKET NO. 16-28 921
DATE: August 13, 2021

REMANDED

Entitlement to a disability rating in excess of 70 percent for posttraumatic stress disorder PTSD is remanded.

Entitlement to service connection for a bilateral foot disability is remanded.

Entitlement to a total disability rating based on induvial unemployability due to service-connected disabilities (TDIU) is remanded.

REASONS FOR REMAND

The Veteran served on active duty from September 1999 to November 2000. 

This matter comes to the Board of Veterans' Appeals (Board) from a February 2014 rating decision by a Department of Veterans Affairs (VA) Regional Office (RO) of the Veterans Benefits Administration (VBA), which is the Agency of Original Jurisdiction (AOJ). The Veteran expressed timely disagreement with this determination, and the present appeal ensued. 

The Veteran's appealed issues were previously before the Board in October 2018, when it was determined that remand was necessary to ensure that VA fulfilled its duty to assist the Veteran in substantiating his appeal. The Board's prior remand directives and the subsequent actions of the AOJ will be discussed below. The Veteran's appeal has been returned to the Board for further appellate consideration. 

Clarification of an issue on appeal

Pertinently, the Board's October 2018 remand included appealed issues seeking an evaluation in excess of 70 percent for service-connected anxiety disorder and to establish service connection for PTSD. In a June 2020 rating decision, the AOJ granted service connection for PTSD, effective from October 2, 2012, and merged this disability with the Veteran's service-connected anxiety disorder for rating purposes; the 70 percent evaluation was continued for this recharacterized service-connected disability. For reasons unclear to the Board, these actions were completed by the AOJ a second time in an October 2020 Decision Review Officer (DRO) decision. 

While the AOJ's actions resulted in abrogating the Veteran's appeal seeking to establish service connection for PTSD, Grantham v. Brown, 114 F.3d 1156, 1158-59 (Fed. Cir. 1997), it did not represent a full grant of the benefits sought regarding the appeal seeking an increased evaluation for the Veteran's service-connected psychiatric disability. As such, the latter appealed issue remained in appellate jurisdiction, and it has been recharacterized as stated on the title page based on the AOJ's actions. AB v. Brown, 6 Vet. App. 35, 38-39 (1993).

1. Entitlement to a disability rating in excess of 70 percent for service-connected PTSD is remanded. 

While further delay in readjudicating the Veteran's appealed issues is regrettable, the Board concludes that remand is necessary to ensure that VA fulfills its duty to assist the Veteran in substantiating her appeal.

In an April 2015 psychiatric assessment, a private psychiatrist reported that the Veteran has received Social Service Disability Insurance (SSDI) since 2014 due to her "difficulties." The AOJ has not undertaken any steps to obtain and associate with the Veteran's electronic VA file the favorable decision from the Social Security Administration (SSA) and/or the records upon which such was based. This outstanding evidence is germane to all of the Veteran's appealed issues, and thus, VA's duty to assist provides that readjudication of the Veteran's appealed issues without this evidence would be premature.

2. Entitlement to service connection for a bilateral foot disability is remanded.

Consequent to the Board's June 2018 remand, the Veteran was provided a VA foot examination in October 2020. After a review of the file and physical examination of the Veteran, the October 2020 VA examiner opined that the Veteran's foot disability was not related to service, explaining that asymptomatic pes planus was listed on her entrance examination in July 1999, and therefore, her disability pre-existed service. 

While the Board acknowledges and appreciates the October 2020 VA examiner's opinions, such are inadequate for the purpose of readjudicating her appealed issue. It is clear that the Veteran's bilateral pes planus was noted upon service entrance, and thus, the presumption of sound condition does not apply to this disability. However, this is not dispositive of the Veteran's appealed issue. Specifically, the medical opinion did not clearly address the factors set forth in 38 C.F.R. § 4.57 which notes that it is essential to make an initial distinction between bilateral flatfoot (pes planus) as a congenital or as an acquired condition. On remand, opinions addressing whether the Veteran's bilateral pes planus is congenital (pre-existing) and, if so, aggravated during his service must be obtained. Wagner v. Principi, 370 F. 3d 1089 (Fed. Cir. 2004). 

3. Entitlement to a TDIU is remanded.

The Veteran has submitted two separate VA Forms 21-8940, the first with no employment information listed, and the second with limited employment information. A review of the claims file shows conflicting employment information. In sum, the Veteran's employment history and status is unclear. She is encouraged to cooperate with the AOJ in this regard.

Further, there are many allusions within the Veteran's file to her "part-time" employment during the pendency of the appeal. Controlling laws provide that a TDIU may be awarded even if the Veteran is employed, but only if such employment is "marginal" rather than substantially gainful. As such, additional development is necessary to determine whether the Veteran's income was above or below the poverty threshold as per the standards of the U.S. Department of Commerce, Bureau of the Census, at any time during the appeal period. 

The matters are REMANDED for the following action:

1. The AOJ must send the Veteran VA Form 21-8940 in order to obtain her complete employment history for the entire period on appeal. 

2. The AOJ must contact the Veteran and ask that she verify her personal income from March 2012 to the present, to include the submission of supporting documentation, pay stubs, and/or any other means available.

*The Veteran is encouraged to comply with the AOJ's efforts is these matters, as her failure to do so may result in VA's inability to grant the benefits that she is seeking.

3. The AOJ must obtain the Veteran's complete file from the Social Security Administration (SSA), to include all decisions and the records upon which each was based. All efforts to obtain said records should be documented in the file. 

4. Thereafter, the AOJ must request that the Veteran be scheduled for a VA foot examination to determine the nature and etiology of the Veteran's pes planus. All necessary testing must be completed. Thereafter, the VA examiner is asked to address the following:

a. Provide a statement concerning whether the Veteran's pes planus is congenital or acquired. 

b. If the Veteran's pes planus is acquired, please provide an opinion as to whether this pre-existing disability increased in severity (beyond the normal progression) during the Veteran's active duty.

c. If the Veteran's pes planus is congenital, please provide an opinion as to whether there is another disability affecting either foot superimposed over it. If so, please provide an opinion as to whether it is at least as likely as not that this superimposed disability is due to her active duty.

In providing the requested opinions, the examiner should cite to specific evidence supporting the conclusions reached. The examiner must provide a comprehensive report including complete rationales for all opinions and conclusions reached. Because, by its very nature, a medical opinion is just that, an opinion rather than a statement of certainty, the Board recognizes that conjecture, tempered by the examiner's medical expertise and experience, is a component of a medical opinion.

If the examiner cannot provide any requested opinion without resorting to mere speculation, such should be stated along with a complete explanation for that conclusion.

5. Thereafter, the AOJ must readjudicate the Veteran's appealed issues in light of the totality of evidence of record. If any benefit sought is not granted to the fullest extent, the AOJ must provide the Veteran and her private 

attorney with a copy of the readjudication and afford them an appropriate period to respond.

 

 

SCOTT W. DALE

Acting Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board T. Mohammad

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.